UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA                 :
                                         :
              - v. -                     :        <u>INDICTMENT</u>
                                         :
                                         :        S24 04 Cr. 801 (PKC)
JAHLIL BROWN,                            :
      a/k/a "Jahlil Bennett,"           :
      a/k/a "Jolly,"                     :
                                         :
                                         :
              Defendant.                 :
- - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: OCT 1 6 2007

<u>COUNT ONE</u>

The Grand Jury charges:

<u>THE ENTERPRISE</u>

1.    From in or about 2000 to in or about April 2003,
in the Southern District of New York and elsewhere, the
defendant, JAHLIL BROWN, a/k/a "Jahlil Bennett," a/k/a "Jolly,"
together with others known and unknown, was a member and
associate of a criminal organization (hereinafter referred to as
"the Two Mile Posse" or "the enterprise"), whose members and
associates engaged in murder and other acts involving violence
and narcotics trafficking.   The enterprise operated in the
Southern District of New York, Arizona, and elsewhere.

2.    The Two Mile Posse, including its leadership, its
membership, and its associates, constituted an "enterprise," as
defined by Title 18, United States Code, Section 1961(4), that
is, a group of individuals associated in fact, although not a
legal entity.   The enterprise constituted an ongoing organization

whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.  The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

3.    At all times relevant to this Indictment, JAHLIL BROWN, the defendant, participated in the operation and management of the enterprise.

<u>PURPOSES OF THE ENTERPRISE</u>

4.    The purposes of the enterprise included the following:

a.    Enriching the members and associates of the enterprise through, among other things, murder, other acts of violence, and the sale and distribution of marijuana;

b.    Preserving and protecting the power of the enterprise, its members and associates through the use of murder and other acts of violence; and

c.    Promoting and enhancing the enterprise and the activities of its members and associates.

<u>THE MEANS AND METHODS OF THE ENTERPRISE</u>

5.    Among the means and methods by which the members and associates of the enterprise conducted and participated in the conduct of the affairs of the enterprise were the following:

a.    The members and associates of the enterprise conspired to commit, committed, and attempted to commit acts of

violence, including murder, to protect and expand the enterprise's criminal operations.

       b.   Members and associates of the enterprise acquired, possessed, carried, and used deadly weapons, including firearms, in the course of the enterprise's criminal activities.

       c.   The members and associates of the enterprise participated in narcotics trafficking.

BACKGROUND

      6.   At all times relevant to this Indictment:

       a.   "The Two Mile Posse" was an organization that operated principally in New York, New York, and Tucson, Arizona.

       b.   The criminal activity of the Two Mile Posse members included, among other things, the operation and maintenance of its marijuana-trafficking business. Members of the Two Mile Posse imported marijuana from Arizona into New York, New York, and distributed marijuana principally in the vicinity of 2512 7th Avenue, New York, New York, and a residential apartment building (the "Dunbar Building") which occupies the block bounded by 149th Street, 150th Street, 7th Avenue, and 8th Avenue, New York, New York.

       c.   The criminal activity of the Two Mile Posse members also included, among other things, the possession of deadly weapons, including firearms, in the course of the enterprise's criminal activities.

3

RACKETEERING VIOLATION

7.   From in or about 2000 up to at least in or about

April 2003, in the Southern District of New York and elsewhere,

JAHLIL BROWN, the defendant, and others known and unknown, being

a person employed by and associated with the enterprise described

above, to wit, the Two Mile Posse, which was engaged in, and the

activities of which affected, interstate and foreign commerce,

unlawfully, willfully, and knowingly conducted and participated,

directly and indirectly, in the conduct of the affairs of that

enterprise through a pattern of racketeering activity, that is,

through the commission of the following acts of racketeering:

THE PATTERN OF RACKETEERING ACTIVITY

8.   The pattern of racketeering activity, as defined

in Title 18, United States Code, Sections 1961(1) and 1961(5),

consisted of the following acts:

9.   Racketeering Act One:  Narcotics Conspiracy

a.   From in or about 2000 through in or about

April 2003, in the Southern District of New York and elsewhere,

JAHLIL BROWN, the defendant, and others known and unknown,

unlawfully, intentionally, and knowingly combined, conspired,

confederated, and agreed together and with each other to violate

the narcotics laws of the United States.

b.   It was a part and an object of this

conspiracy that JAHLIL BROWN, and others known and unknown, would

and did distribute and possess with intent to distribute a

4

controlled substance, to wit, 1,000 kilograms and more of
mixtures and substances containing a detectable amount of
marijuana, in violation of Title 21, United States Code, Sections
812, 841(a)(1), 841(b)(1)(A), and 846.

       10.  <u>Racketeering Act Two: Murders of Rohan Bailey and
Camila Simmonds</u>

In or about December 2001, in the Southern District of
New York and elsewhere, JAHLIL BROWN, the defendant, committed
the following acts, any one of which alone constitutes the
commission of Racketeering Act Two:

       a.  <u>Conspiracy to Murder Rohan Bailey and Camila
Simmonds</u>

In or about December 2001, in the Southern
District of New York, JAHLIL BROWN, the defendant, together with
others known and unknown, unlawfully, willfully, and knowingly
did commit an act involving murder, that is, conspired to commit
the murders of Rohan Bailey, a/k/a "Junior," and Camila Simmonds,
a/k/a "Boy Blue," a/k/a "Corey Brown," in violation of New York
State Penal Law Sections 125.25(1) and 105.15, in that, with the
intent to cause the deaths of Rohan Bailey and Camila Simmonds,
JAHLIL BROWN and others known and unknown, agreed together and
with each other to cause the performance of such murders.

<u>Overt Act</u>

In or about December 2001, JAHLIL BROWN, the defendant,
discussed with others luring Bailey and Simmonds to an apartment
in Manhattan in order to kill them.

b.    <u>Murder of Rohan Bailey</u>

On or about December 19, 2001, in the Southern District of New York, JAHLIL BROWN, the defendant, together with others known and unknown, unlawfully, intentionally, and knowingly murdered Rohan Bailey in violation of New York State Penal Law Sections 125.25(1) and 20.00, in that, with the intent to cause the death of Rohan Bailey, a/k/a "Junior," JAHLIL BROWN caused the death of Rohan Bailey.

c.    <u>Murder of Camila Simmonds</u>

On or about December 19, 2001, in the Southern District of New York, JAHLIL BROWN, the defendant, together with others known and unknown, unlawfully, intentionally, and knowingly murdered Camila Simmonds, a/k/a "Boy Blue," a/k/a "Corey Brown," in violation of New York State Penal Law Sections 125.25(1) and 20.00, in that, with the intent to cause the death of Camila Simmonds, JAHLIL BROWN caused the death of Camila Simmonds.

(Title 18, United States Code, Section 1962(c).)


<u>COUNT TWO</u>

The Grand Jury further charges:

11.    Paragraphs 1 through 6 and 9 through 10 of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

6

THE RACKETEERING CONSPIRACY

12.  From in or about 2000 up to and including in or
about April 2003, in the Southern District of New York and
elsewhere, JAHLIL BROWN, the defendant, together with others
known and unknown, being persons employed by and associated with
the enterprise described in Paragraphs 1 through 6 of Count One
of this Indictment, to wit, the Two Mile Posse, unlawfully,
willfully, and knowingly combined, conspired, confederated, and
agreed together and with each other to violate the racketeering
laws of the United States, to wit, Section 1962(c) of Title 18,
United States Code, that is, to conduct and participate, directly
and indirectly, in the conduct of the affairs of that enterprise,
which was engaged in, and the activities of which affected,
interstate and foreign commerce, through a pattern of
racketeering activity, as that term is defined by Title 18,
United States Code, Section 1961(1) and (5).  The pattern of
racketeering activity through which the defendant agreed to
conduct the affairs of the enterprise consisted of the acts set
forth in Paragraphs 9 through 10 in Count One of this Indictment
as Racketeering Acts One and Two.  It was a part of the
conspiracy that JAHLIL BROWN agreed that a co-conspirator would
commit at least two acts of racketeering in the conduct of the
affairs of the enterprise.

(Title 18, United States Code, Section 1962(d).)

7

## VIOLENT CRIMES IN AID OF RACKETEERING

### COUNT THREE

The Grand Jury further charges:

13.  At all times relevant to this Indictment, the Two Mile Posse, as more fully described in Paragraphs 1 through 6 of Count One of this Indictment, which are realleged and incorporated by reference as though set forth fully herein, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely the Two Mile Posse, that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

14.  At all times relevant to this Indictment, the above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, in violation of New York State Penal Law, and narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846.

15.  On or about June 20, 2002, in the Southern District of New York, for the purpose of gaining entrance to and maintaining and increasing his position in the Two Mile Posse, an enterprise engaged in racketeering activity, as described above,

8

JAHLIL BROWN, the defendant, together with others known and unknown, unlawfully, intentionally, and knowingly did commit assault with a dangerous weapon, and aid and abet assault with a dangerous weapon, and did commit assault resulting in serious bodily injury, and did aid and abet assault resulting in serious bodily injury, to wit, JAHLIL BROWN, stabbed and aided and abetted the stabbing of Dennis Paulk, in violation of New York State Penal Law Sections 120.10, 120.05, and 115.00.

(Title 18, United States Code, Sections 1959(a)(3) and 2.)


COUNT FOUR

The Grand Jury further charges:

16.   Paragraphs 13 and 14 of Count Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

17.   In or about December 2001, in the Southern District of New York and elsewhere, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Two Mile Posse, and for the purpose of gaining entrance to and maintaining and increasing his position in the Two Mile Posse, an enterprise engaged in racketeering activity, as described above, JAHLIL BROWN, the defendant, together with others known and unknown, unlawfully, willfully, and knowingly conspired to murder Rohan Bailey, a/k/a "Junior," and Camila Simmonds, a/k/a "Boy Blue," a/k/a "Corey

9

Brown," in violation of New York State Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Section 1959(a)(5).)


## COUNT FIVE

The Grand Jury further charges:

18.    Paragraphs 13 and 14 of Count Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

19.    On or about December 19, 2001, in the Southern District of New York, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Two Mile Posse, and for the purpose of gaining entrance to and maintaining and increasing his position in the Two Mile Posse, an enterprise engaged in racketeering activity, as described above, JAHLIL BROWN, the defendant, together with others known and unknown, unlawfully, intentionally, and knowingly did commit murder, to wit, JAHLIL BROWN murdered and aided and abetted the murder of Rohan Bailey, a/k/a "Junior," in violation of New York State Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

<u>COUNT SIX</u>

The Grand Jury further charges:

20.  Paragraphs 13 and 14 of Count Three of this Indictment are realleged and incorporated by reference as though fully set forth herein.

21.  On or about December 19, 2001, in the Southern District of New York, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Two Mile Posse, an enterprise engaged in racketeering activity, as described above, and for the purpose of gaining entrance to and maintaining and increasing his position in the Two Mile Posse, JAHLIL BROWN, the defendant, together with others known and unknown, unlawfully, intentionally, and knowingly did commit murder, to wit, JAHLIL BROWN murdered and aided and abetted the murder of Camila Simmonds, a/k/a "Corey Brown," a/k/a "Boy Blue," in violation of New York State Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)


<u>MURDER IN CONNECTION WITH A DRUG CRIME</u>

<u>COUNT SEVEN</u>

The Grand Jury further charges:

22.  On or about December 19, 2001, in the Southern District of New York and elsewhere, while engaged in an offense punishable under Title 21, United States Code, Section

841(b)(1)(A), to wit, the offenses charged in Racketeering Act
One of Count One, and Count Twelve of this Indictment, JAHLIL
BROWN, the defendant, unlawfully, intentionally, and knowingly
killed and counseled, commanded, induced, procured, and caused
the intentional killing of Rohan Bailey.

(Title 21, United States Code, Section 848(e)(1)(A), and Title
          18, United States Code, Section 2.)


## COUNT EIGHT

The Grand Jury further charges:

23.  On or about December 19, 2001, in the Southern
District of New York and elsewhere, while engaged in an offense
punishable under Title 21, United States Code, Section
841(b)(1)(A), to wit, the offenses charged in Racketeering Act
One of Count One, and Count Twelve of this Indictment, JAHLIL
BROWN, the defendant, unlawfully, intentionally, and knowingly
killed and counseled, commanded, induced, procured, and caused
the intentional killing of Camila Simmonds.

(Title 21, United States Code, Section 848(e)(1)(A); and Title
          18, United States Code, Section 2.)


## FIREARMS OFFENSES

## COUNT NINE

The Grand Jury further charges:

24.  On or about December 19, 2001, in the Southern
District of New York and elsewhere, JAHLIL BROWN, the defendant,
unlawfully, willfully, and knowingly, during and in relation to a

12

drug trafficking offense and a crime of violence for which they may be prosecuted in a court of the United States, to wit, the conspiracy to murder and murder of Rohan Bailey and Camila Simmonds, as charged in Racketeering Act Two of Count One, and Counts Four, Five, Six, Seven, and Eight of this Indictment, and the narcotics conspiracy as charged in Racketeering Act One of Count One, and Count Twelve of this Indictment, used and carried a firearm, and possessed a firearm in furtherance of such crime, during which a firearm was discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.)


COUNT TEN

The Grand Jury further charges:

25. On or about December 19, 2001, in the Southern District of New York and elsewhere, JAHLIL BROWN, the defendant, during and in relation to a drug trafficking crime and a crime of violence for which he may be prosecuted in a court of the United States, to wit, the conspiracy to murder and murder of Rohan Bailey and Camila Simmonds, as charged in Racketeering Act Two of Count One, and Counts Four, Five, Six, Seven, and Eight of this Indictment and the narcotics conspiracy as charged in Racketeering Act One of Count One, and Count Twelve of this Indictment, used and carried firearms, and, in furtherance of such crimes, possessed firearms, aided and abetted the use, carrying, and possession of firearms, and in the course of such

13

crimes caused the death of persons through the use of firearms,
which killings are murders as defined in Title 18, United States
Code, Section 1111(a), specifically the murders of Rohan Bailey
and Camila Simmonds.

(Title 18, United States Code, Sections 924(j) and 2.)


COUNT ELEVEN

The Grand Jury further charges:

26.  From at least in or about December 2001 through at
least in or about April 2003, in the Southern District of New
York and elsewhere, JAHLIL BROWN, the defendant, unlawfully,
willfully, and knowingly, during and in relation to a drug
trafficking crime for which he may be prosecuted in a court of
the United States, to wit, the narcotics conspiracy charged in
Racketeering Act One of Count One, and Count Twelve of this
Indictment, did use and carry a firearm, and, in furtherance of
such crime, did possess a firearm, to wit, a handgun.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)


COUNT TWELVE

Narcotics Conspiracy

The Grand Jury further charges:

27.  From in or about 2000 to in or about April 2003,
in the Southern District of New York and elsewhere, JAHLIL BROWN,
the defendant, and others known and unknown, unlawfully,

intentionally, and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

28.  It was a part and an object of this conspiracy that JAHLIL BROWN, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 1,000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), and 846.

<u>OVERT ACTS</u>

29.  In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.  On or about September 20, 2000, JAHLIL BROWN sold marijuana to an undercover police officer in the vicinity of 2512 7th Avenue, New York, New York.

b.  On or about October 7, 2000, JAHLIL BROWN possessed marijuana for distribution in an apartment at 2512 7th Avenue, New York, New York.

c.  On or about December 8, 2000, JAHLIL BROWN possessed marijuana in an apartment at 2512 7th Avenue, New York, New York.

15

d.    On or about February 24, 2001, JAHLIL BROWN possessed marijuana in an apartment at 2512 7th Avenue, New York, New York.

e.    On or about December 19, 2001, JAHLIL BROWN, the defendant, and others known and unknown possessed firearms in an apartment at the "Dunbar Building," which occupies the block bounded by 149th Street, 150th Street, 7th Avenue, and 8th Avenue, New York, New York, while waiting for the arrival of two individuals BROWN and his co-conspirators intended to murder.

f.    On or about June 20, 2002, at 2512 7th Avenue, New York, New York, JAHLIL BROWN and others known and unknown, kicked, punched, and stabbed Dennis Paulk, thereby causing Paulk's death, after Paulk attempted to rob one of their co-conspirators of marijuana.

(Title 21, United States Code, Section 846.)


FORFEITURE ALLEGATION

30.    The allegations contained in Count One of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963.  Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section

1963 in the event of a defendant's conviction under Count One of this Indictment.

31.   JAHLIL BROWN, the defendant,

a.   has acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

b.   has property constituting and derived from proceeds obtained, directly, and indirectly, from racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

32.   The interests of the defendant subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1) and (3), include but are not limited to, at least $5 million, which represents the gross proceeds received by the defendant pursuant to their racketeering activities as alleged in Count One during the relevant time period alleged in the Indictment.

<u>Substitute Asset Provision</u>

33.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

17

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 18 U.S.C. § 1963(m), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

34.    The above-named defendant is jointly and severally liable for the forfeiture obligations as alleged above.

(Title 18, United States Code, Section 1963.)


FORFEITURE ALLEGATION

35.    As a result of committing the controlled substance offense in Count Twelve of this Indictment, JAHLIL BROWN, the defendant, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count Twelve of this Indictment, including but not limited to a sum

18

equal to at least $5 million, which represents the amount of proceeds obtained as a result of the offense in violation of Title 21, United States Code, Section 846.

      36.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

         (a)  cannot be located upon the exercise of due diligence;

         (b)  has been transferred or sold to, or deposited with, a third party;

         (c)  has been placed beyond the jurisdiction of the court;

         (d)  has been substantially diminished in value; or

         (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

      (Title 21, United States Code, Sections 846 and 853.)


### SPECIAL FINDINGS

      37.  The allegations contained in Counts One through Sixteen of this Indictment are reincorporated and realleged as if

19

set forth in full herein.

38.   As to Counts Five, Six, Seven, Eight, and Ten of the Indictment, alleging the murders of Rohan Bailey and Camila Simmonds, the defendant JAHLIL BROWN:

a.   was 18 years of age or older at the time of the offenses;

b.   intentionally killed Rohan Bailey and Camila Simmonds (Title 18, United States Code, Section 3591(a)(2)(A));

c.   intentionally inflicted serious bodily injury that resulted in the deaths of Rohan Bailey and Camila Simmonds (Title 18, United States Code, Section 3591(a)(2)(B));

d.   intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Rohan Bailey and Camila Simmonds died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Rohan Bailey and Camila Simmonds died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

        f.    committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9));

        g.    intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

_____
Foreperson

_____
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

### - v. -

**JAHLIL BROWN,**
     **a/k/a "Jahlil Bennett,"**
     **a/k/a "Jolly,"**

                        **Defendant.**

### INDICTMENT

S24 04 Cr. 801 (PKC)

(Title 18 United States Code, Sections
1962(c), 1962(d), 1959(a), 924(c), 924(j)
Title 21, United States Code, Section
848(e), 846.)

MICHAEL J. GARCIA
United States Attorney

**A TRUE BILL**

_____ Foreperson.

10/16/07 Filed Indictment

Pitman
U.S.M.J.