UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

UNITED STATES OF AMERICA

      -against-

                                            04 Cr. 801 (PKC)

JAHLIL BROWN,
                Defendant

----------------------------------------------------------x


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PRETRIAL MOTIONS


KELLEY J. SHARKEY
26 Court Street, Suite 2805
Brooklyn, New York 11242
(718) 858-8843

MEMORANDUM OF LAW

This memorandum of law is respectfully submitted in support of Jahlil Brown's pretrial motions.

ALL ALLEGED POST-ARRREST STATEMENTS AND ALL PHYSICAL EVIDENCE SEIZED SHOULD BE SUPPRESSED

Jahlil Brown was arrested by the N.Y.P.D. at his home, in the early morning hours of August 29, 2007. Members of the N.Y.P.D. — with their weapons drawn — entered the bedroom of Jahlil Brown as he lay sleeping. Brown was handcuffed, as were his cousin and aunt. As his aunt wept, Brown was repeatedly told that his aunt and cousin would be arrested and prosecuted unless he provided information to the officers. In cuffs, the family was herded into their hallway. In cuffs, Brown was brought into the bathroom and told that if he did not provide the officers with the information they sought his aunt and cousin would be charged with serious felonies and deported.

At approximately 7:30 a.m., the family was dragged from the apartment in handcuffs. Brown was questioned by the N.Y.P.D. His family was transported to Central Booking and processed for Criminal Court Arraignment.

Brown recalls that he was questioned by police but does not recall any <u>Miranda</u> warnings being given to him early in the day.

Later in the afternoon, Brown was questioned by Detective Killen and other members of the N.Y.P.D. Brown was informed again that if he did not speak with the police his family would face felony prosecution and deportation. Brown was questioned before and after <u>Miranda</u> warnings were given.

All statements made by Brown and any evidence recovered at 3444 Fish Ave., Bronx, New York, should be suppressed because they are the fruit of an arrest made without probable

2

cause, because they were taken in violation of the Brown's rights under <u>Miranda v. Arizona</u>, 384 U.S. 436, 478 (1966), and because any alleged post-arrest statements were involuntary.

The discovery disclosures provided by the prosecution reveal no indication as to why the police held the defendant and his family at gunpoint in their apartment, during the early morning hours of August 29, 2007. The defense has received no police reports, warrants, warrant affidavits, or other paperwork concerning the original detention, questioning, or seizure of Brown and his family.

"Probable cause to arrest a person exists if the law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been committed by the person to be arrested." <u>United States v. Patrick</u>, 899 F.2d 169, 171 (2nd Cir. 1990).

Accordingly, Jahlil Brown's arrest inside his home was unlawful, and his statements and any physical evidence recovered as a result of those statements should be suppressed as the product of that unlawful arrest. <u>See</u> <u>Wong Sun v. United States</u>, 371 U.S. 471, 488 (1963) (evidence obtained by exploitation of a primary illegality is excluded under as the "fruit of the poisonous tree"); <u>see also</u> <u>Oregon v. Elstad</u>, 470 U.S. 298 (1985) (<u>Wong Sun</u> doctrine applies whether the fruit is physical evidence or a confession).

In Brown's criminal history report (the only reference to this evidence in the prosecution's disclosure), there is a notation that he is charged with violations of New York Penal Law §265.03 - Criminal Possession of a Weapon in the Second Degree and New York Penal Law §220.16 - Criminal Possession of a Controlled Substance in the Third Degree. In the event that the Government seeks to introduce this evidence at trial, under any theory, such

items should be suppressed as the fruits of the unlawful arrest described above. See Wong Sun 371 U.S. at 488.  In addition, such items should also be suppressed as the fruit of an unlawful search, in violation of the Fourth Amendment.  On information and belief, the extensive search of the apartment located at 3444 Fish Ave., Bronx, New York was conducted without a warrant, without the voluntary consent of an authorized person, and without other lawful authority.

Subsequent statements purportedly made Brown were not voluntary and were not given after a knowing and consensual waiver of his Miranda rights.  Brown was questioned in a coercive atmosphere under threat of imprisonment and deportation of his family.  Under these circumstances, the psychological coercion and improper promises used by Brown's interrogators rendered his statements involuntary and inadmissible at trial.  See Hutto v. Ross, 429 U.S. 28 (1976); Haynes v. State of Washington, 373 U.S. 503 (1963).

After waiver of Miranda, warnings were not sufficiently attenuated from repeated interrogation in the absence of Miranda warnings and in the face of continuing, looming threats to be deemed intelligently or voluntarily made.  Under the facts and circumstances of this case, all alleged post-arrest statements and physical evidence were obtained in violation of constitutional protections afforded Brown and warrant suppression.

An evidentiary hearing is requested.

ALL 404(B) EVIDENCE SHOULD BE PROVIDED IN A TIMELY MANNER

Upon information and belief, the Government intends to introduce at trial evidence concerning prior bad acts of the defendant.

In accordance with Rule 404(b) of the Federal Rules of Evidence and the constitutional requirements espoused in United States v. Baum, 482 F.2d 1325 (2nd Cir.

1973); United States v. Davidoff, 845 F.2d 1151 (2nd Cir. 1988); and other the authority, the defense requests that the Government disclose any and all acts which the Government would seek to introduce at trial in such sufficient and reasonable time that the defendant may move pursuant to Rules 403 and 404(b), to preclude introduction of such evidence.

## ALL BRADY AND OTHER EVIDENCE FAVORABLE TO BROWN SHOULD BE PROVIDED IMMEDIATELY

In accordance with Fed. R. Crim. Proc. 16 and the constitutional requirements espoused in Kyles v. Whitley, 514 U.S. 419 (1995); United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976); Giglio v. United States, 405 U.S. 150 (1972); Brady v. Maryland, 373 U.S. 83 (1963); and their progeny the defense request disclosure of all material favorable to him bearing on any of the issues raised by the indictment or the Government's proof at trial.  Specifically, in your letter of January 2, 2008 you mention that "At least one witness did not identify the photograph of the defendant, whose photograph was among those viewed by the witness." Please identify that witness and any other witness who viewed photographs and did not identify him.

## RULE 16 DISCLOSURES

Defendant's Statements

The defendant has received statements purportedly made by him late in the day of August 29, 2007. The discovery disclosures provided to date do not include statements of the defendant made at the time of the August 29, 2007 arrest or other arrests or other relevant dates pursuant to Rule 16 including the following:

> 1.  All written or recorded statements made by the defendant, at any time and in any context, regardless of the government's intentions with respect to their use at trial. See Rule 16(a)(1)(B), Fed. R. Crim. Proc.

5

2. All records, reports, memoranda, notes, or other writings which contain the substance of any oral statement made by Jahlil Brown to government or law enforcement authorities, regardless of the government's intentions with respect to the statement's use at trial. See Rule16(a)(1)(B), Fed. R. Crim. Proc. This request includes internal reports and memoranda prepared by law enforcement agents to the extent that statements of Jahlil Brown are related or described. Where Jahlil Brown's statements are contained in more than one writing, please provide each such writing.

3. The substance of all oral statements made by Jahlil Brown to government or law enforcement authorities which have not been disclosed pursuant to Requests 1) and 2) above and which the government may use at trial. See Rule 16(a)(1)(A), Fed. R. Crim. Proc. This request includes not only statements which the government intends to introduce at trial, but also statements which the government may "use" for impeachment or other purposes.

4. The substance of all statements and expressive conduct of Jahlil Brown in response to all Miranda warnings given to him, as well as all statements or questions concerning Fifth or Sixth Amendment rights. See United States v. McElroy, 697 F.2d 459 (2nd Cir. 1982).

5. All recorded testimony of Jahlil Brown or of any person authorized to legally bind him or to make admissions on his behalf before any Grand Jury.

Documents and Tangible Objects

By letter dated January 2, 2008, the government provided discovery concerning photo identification(s) of Jahlil Brown, please provide the following information in light of that disclosure.

1. Please provide a description and all police reports relating to any identification procedure employed in this case, including lineups, show-ups, photo arrays, or the display of Jahlil Brown's person, photograph, or image to any witness.

2. Provide copies of all photographs and photo arrays as well as all documents or recordings which describe or memorialize the identification procedure(s).

3. Identify any witness that has previously identified Jahlil Brown as a result of any identification procedure, please identify the witness and indicate the date the identification occurred and the degree of certainty expressed by the witness. In addition, please provide in detail any description provided by the witness at any time prior to the identification procedure. See Neil v. Biggers, 409 U.S. 188, 199 (1972).

4. Identify any and all witnesses that have failed to identify Jahlil Brown after the identification procedure, please identify the witness and indicate the date and circumstances of the identification procedure. See Brady v. Maryland, 373 U.S. 83 (1963); Kyles v. Whitley, 514 U.S. 419 (1995).

5. Please provide copies of any search warrants, warrant affidavits, warrant return forms, consent forms, and/or warrant inventories that were prepared in connection with this case including but not limited to those relating to the defendant's arrest on August 29, 2007.

6. Please provide copies of all documents and physical evidence that were obtained as a result of searches or seizures, whether with or without a warrant.

## MOTION TO STRIKE SURPLUSAGE IN THE INDICTMENT

The indictment caption indicates that Jahlil Brown has alleged aliases of "Jolly", and "Jahlil Bennett." In accordance with Fed. R. Crim. Proc. 7(d), the aliases should be deleted as irrelevant surplusage, since the government has not yet provided any information that suggests it has any significant bearing on this case and the use of these aliases is inflammatory and prejudicial. See United States v. Scarpa, 913 F.2d 993, 1013 (2d Cir.1999) (material may be stricken from the indictment where not relevant to the crime charged). "The determinative question in a motion to strike surplusage is not the potential prejudice, but rather the relevance of the allegation to the crime charged in the indictment." United States v. Napolitano, 552 F. Supp. 465, 480 (S.D.N.Y.1982). Further, throughout the indictment the defendant is repeatedly charged with being an associate of a criminal organization referred to as "the two mile Posse." Counsel for Jahlil Brown contends that this naming of the enterprise is similarly inflammatory and prejudicial and not relevant to the crime charged and should be struck from the indictment. See United States v. Mulder, 273 F.3d 91 (2nd Cir. 2001); see also United States v. Courtney, 257 F.2d 944, 947 (2nd Cir. 1958).

## LEAVE TO FILE ADDITIONAL MOTIONS AND REQUESTS

Counsel has endeavored to bring all motions applicable at this time but requests leave to bring any additional motions which may become necessary based upon the Government's response to the present motions or new facts uncovered by ongoing defense investigation into this case.

WHEREFORE, it's respectfully requested that the Court grant Jahlil Brown's pretrial motions in their entirety.

Dated: March 4, 2008
       Brooklyn, New York

                                            _____/S/_____
                                            Kelley J. Sharkey

                                            _____/S/_____
                                            Bobbi C. Sternheim