CRIMINAL COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN THE MATTER

OF

AN APPLICATION FOR A WARRANT AUTHORIZING A SEARCH OF 3444 FISH AVENUE, APARTMENT GA, ON THE GROUND FLOOR, BRONX COUNTY, NEW YORK.

1004-2007

SEARCH WARRANT NO:
SPECIAL NARCOTICS COURT

AFFIDAVIT IN SUPPORT OF
SEARCH WARRANT

Detective Nelson Mendez, Shield 6314, being duly sworn, deposes and says:

1. I am a Detective in the NYPD, assigned to the NBBX.

2. This affidavit is submitted in support of an application for a warrant to search 3444 Fish Avenue, Apartment GA, on the ground floor, Bronx County, New York and the person of JD J, (described as male/ Black/ 19-21 years old/ 5'4" - 5'5"/ 120-130 lbs./ short pea patch hairstyle), if present therein ("the target premises"), where there is reasonable cause to believe that evidence of the sale and possession of crack/ cocaine, and conspiracy to commit those crimes, will be found, including but not limited to:

   a. crack/ cocaine, vials, caps, glassine envelopes, small ziplock-style bags, and other evidence of the possession and distribution of crack/ cocaine, including but not limited to paraphernalia used to process and distribute drugs, including but not limited to dilutants and scales, counter-surveillance equipment, and records and documents reflecting drug transactions;

   b. currency and other evidence of proceeds from drug trafficking, including but not limited to financial records in any format, tending to demonstrate cash transactions or financial transfers derived from the possession of cash currency, money orders, bank receipts, stocks, bonds, bills and receipts for goods and services, documents relating to real estate holdings, and any title or registration to motor vehicles;

  c. evidence of ownership and use of the target premises, or the use of property located therein by any person, including but not limited to keys, telephone bills, utility bills, bank statements, leases, deeds, or rent receipts related to the target premises or other real property, mail addressed to or from the target premises, identification bearing the name or photograph of any person, telephone books, address books, date books, calendars, personal papers, and videotapes and photographs of persons.

  3. As set forth below, there is reasonable cause to believe that the above described property is located within the target premises; moreover as set forth below, there is reasonable cause to believe that this property constitutes evidence or tends to demonstrate that an offense was committed, or that a particular person participated in the commission of said offense.

  4. I have spoken to a confidential informant who is registered with the NYPD under CI Number 27280 and he/she has a proven history of reliability based on his/her having provided reliable information on four occasions. Specifically, in July 2007, information provided by CI Number 27280 led to a search warrant that resulted in the seizure of controlled substances, confirmed to be crack/ cocaine and marijuana, and the arrest of 3 individuals; in July 2007, information provided by CI Number 27280 led to a search warrant that resulted in the seizure of controlled substances, confirmed to be crack/ cocaine and marijuana, and the arrest of 9 individuals; in July 2007, information provided by CI Number 27280 led to a search warrant that resulted in the seizure of controlled substances, confirmed to be crack/ cocaine and a firearm, and the arrest of 2 individuals; and in June 2007, information provided by CI Number 27280 led to a search warrant that resulted in the seizure of controlled substances, confirmed to be crack/ cocaine and marijuana, and the arrest of 2 individuals.

  5. My informant is a former user of cocaine and a former associate of narcotics traffickers and has had experience in the illegal narcotics trade. My informant recognizes the

paraphernalia commonly used in the cutting and packaging of crack/ cocaine and can recognize crack/ cocaine by its appearance.

6. CI Number 27280 informs me that controlled substances are being sold and possessed in the target premises. The confidential informant's basis of knowledge is as follows:

7. Within the last five (5) days, Confidential Informant (CI) 27280 did conduct a controlled buy of crack/ cocaine under the following circumstances. The CI met the affiant at a pre-arranged location and was briefed as to the target premise by the affiant. The affiant then searched the CI for contraband, which yielded negative results, and handed to the CI a sum of United States Currency (USC). The affiant then observed the CI enter into 3444 Fish Avenue and re-emerge a short time later. The CI met the affiant again at a pre-arranged location and handed to the affiant two (2) twists containing crack/ cocaine. The affiant then searched the CI again for any additional contraband, which yielded negative results, and informed the affiant as to what had transpired. The CI entered into 3444 Fish Avenue and proceeded to knock on the door to apartment GA, on the ground floor. JD J (described as male/ Black/ 19-21 years old/ 5'4" - 5'5"/ 120-130 lbs. / short pea patch hairstyle) answered the door and the CI engaged JD J in a drug related conversation. JD J then invited the CI into the apartment where JD J agreed to sell to the CI a quantity of crack/ cocaine for a sum of United States Currency (USC). The CI then followed JD J into the kitchen where the CI handed a sum of USC to JD J and JD J then handed to the CI two (2) clear twists containing a white rock-like substance. The CI then left the apartment and met the affiant at the pre-arranged location.

    a. Based on his/her experience in the narcotics trade, the informant believes the white rock-like substance purchased on the above occasion was crack/ cocaine.

        Furthermore, said purchase was field tested with positive results for crack/ cocaine.

8. Within the last seven (7) days, Confidential Informant (CI) 27280 did conduct a controlled buy of crack/ cocaine under the following circumstances. The CI met the affiant at a pre-arranged location and was briefed as to the target premise by the affiant. The affiant then searched the CI for contraband, which yielded negative results, and handed to the CI a sum of United States Currency (USC). The affiant then observed the CI enter into 3444 Fish Avenue and re-emerge a short time later. The CI met the affiant again at a pre-arranged location and handed to the affiant one (1) ziploc containing crack/ cocaine. The affiant then searched the CI again for any additional contraband, which yielded negative results, and informed the affiant as to what had transpired. The CI entered into 3444 Fish Avenue and proceeded to knock on the door to apartment GA, on the ground floor. JD J (described as male/ Black/ 19-21 years old/ 5'4" - 5'5"/ 120-130 lbs. / short pea patch hairstyle) answered the door and the CI engaged JD J in a drug related conversation. JD J then invited the CI into the apartment where JD J agreed to sell to the CI a quantity of crack/ cocaine for a sum of United States Currency (USC). The CI then followed JD J into the kitchen where the CI handed a sum of USC to JD J. JD J then removed a large plastic bag from his pants pocket containing numerous smaller clear ziplocs (containing a white rock-like substance) and handed to the CI one (1) ziploc containing a white rock-like substance. The CI then left the apartment and met the affiant at the pre-arranged location.

    b. Based on his/her experience in the narcotics trade, the informant believes the white rock-like substance purchased on the above occasion was crack/ cocaine. Furthermore, said purchase was field tested with positive results for crack/ cocaine.

9.   In view of the fact that the property sought to be seized can be easily and quickly disposed of or destroyed, and because giving notice may endanger the lives and safety of the executing officers and others, it is further requested that the officer executing the warrant be permitted to enter without prior notice of authority or purpose. The reasons for my belief are as follows: the type and amount of drugs sought, to wit: crack/ cocaine; the targets of the search warrant are reasonably likely to be present at the time of the execution of the search warrant; the location is being used for drug distribution on an ongoing basis and it is therefore reasonably likely that the targets have taken precautions to destroy the illegal drugs.

10.  On August 21, 2007, I conducted a reconnaissance at 3444 Fish Avenue, Apartment GA, on the ground floor in order to become familiarized with the location and personally observe the entry door to target premises. The target building is clearly marked as 3444 on a green awning over the front entrance. The target building is a four (4) story building which is part of the Eastchester Heights Complex and is located between Hicks Street and Boston Post Road. To gain access to the target premise, one would enter into the building from the front entrance and the target premise is clearly marked as GA on a green colored door.

WHEREFORE, I respectfully request that the Court issue a warrant and order of seizure in the form annexed, authorizing a search of 3444 Fish Avenue, Apartment GA, on the ground floor, Bronx County, New York and the person of JD J, (described as male/ Black/ 19-21 years old/ 5'4" - 5'5"/ 120-130 lbs./ short pea patch hairstyle), if present therein ("the target premises"), for the above described property, and directing that if such property or evidence or any part thereof be found that it be seized and brought before the Court. It is also requested that the officers executing the warrant be permitted to enter the above premises without giving prior notice of authority and purpose. Authorization is also requested that if the court examines the

confidential informant, that examination be incorporated as part of this affidavit and sealed pending further order.

No previous application in this matter has been made to any other judge, justice, or magistrate.

**False statements made herein are punishable as a class A misdemeanor pursuant to §210.45 of the Penal Law.**

_____
OFFICER

APPROVED: _____
Assistant District Attorney

Target Location: 3444 Fish Avenue, Apartment GA, on the ground floor, Bronx County, New York.

Sworn to before this
22nd day of Aug.

TIME: 11:40 AM

AUG 2 2 2007

_____ Hon. Simpson
JUDGE OF THE CRIMINAL COURT

KENDRA THIMBREL
OFFICIAL COURT REPORTER