UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA             :

       - v. -                          :

JAHLIL BROWN,                        :     S24 04 Cr. 801 (PKC)
    a/k/a "Jolly,"
    a/k/a "Jahlil Bennett,"          :

              Defendant.    :
- - - - - - - - - - - - - - - - - -x


## GOVERNMENT'S REQUESTS TO CHARGE


MICHAEL J. GARCIA
United States Attorney
Southern District of New York
Attorney for the United States
    Of America

Steve C. Lee
Todd W. Blanche
Assistant United States Attorneys
   - Of Counsel -

**TABLE OF CONTENTS**

**Request No.    Description**                                                    **Page**

1.  General Requests . . . . . . . . . . . . . . . . . . . . 2

2.  The Indictment . . . . . . . . . . . . . . . . . . . . . 3

3.  Summary Of Indictment . . . . . . . . . . . . . . . . . 4

4.  Structure of Murder Charges - Multiple Statutes And
    Theories Of Liability . . . . . . . . . . . . . . . . . 7

5.  Count Two:  RICO Conspiracy:  The Indictment
    And The Statute. . . . . . . . . . . . . . . . . . . . . 9

6.  Count Two:  RICO Conspiracy:  Elements . . . . . . . . 11

7.  Count Two:  RICO Conspiracy:  First, Second,
    And Fourth Elements. . . . . . . . . . . . . . . . . . 12

8.  Count Two:  RICO Conspiracy:  Third Element -
    Agreement To Participate In the Affairs
    Of The Enterprise. . . . . . . . . . . . . . . . . . . 13

9.  Count Two:  RICO Conspiracy:
    Third Element - Conspiracy . . . . . . . . . . . . . . 15

10. Count One:  Substantive RICO:
    The Indictment and The Statute . . . . . . . . . . . . 22

11. Count One:  Substantive RICO:  Elements. . . . . . . . 23

12. Count One:  Substantive RICO:  First Element -
    Existence Of the Enterprise. . . . . . . . . . . . . . 24

13. Count One:  Substantive RICO:  Second Element -
    Association With the Enterprise. . . . . . . . . . . . 26

14. Count One:  Substantive RICO:  Third Element -
    Pattern of Racketeering Activity . . . . . . . . . . . 27

15. Count One:  Substantive RICO:  Fourth Element -
    Conducting Or Participating In the Enterprise
    Through A Pattern Of Racketeering Activity . . . . . . 30

16. Count One:  Substantive RICO: Fifth Element -
    Effect on Commerce . . . . . . . . . . . . . . . . . . 32

17. Count One: Substantive RICO:
    The Racketeering Acts - Introduction . . . . . . . . . 34

i

18.  Aiding and Abetting Liability. . . . . . . . . . . . . 35

19.  Count One:  Racketeering Act One:
     Crimes Involving Narcotics Trafficking . . . . . . . . 38

20.  Count One:  Racketeering Act One:
     Narcotics Conspiracy:  Elements. . . . . . . . . . . . 39

21.  Count One:  Racketeering Act One:
     Narcotics Conspiracy:  First Element -
     Existence Of The Conspiracy. . . . . . . . . . . . . . 40

22.  Count One:  Racketeering Act One:
     Narcotics Conspiracy: Second Element -
     Membership In The Conspiracy . . . . . . . . . . . . . 44

23.  Count One:  Racketeering Act One:
     Narcotics Conspiracy:  Liability For Acts And
     Declarations Of Co-Conspirators. . . . . . . . . . . . 45

24.  Count One:  Racketeering Act One:
     Narcotics Conspiracy:  Drug Quantity . . . . . . . . . 46

25.  Count One:  Racketeering Act Two:
     Crimes Involving Murder  . . . . . . . . . . . . . . . 47

26.  Count One:  Racketeering Act Two:
     Conspiracy to Commit Murder: Elements . . . . . . . . 48

27.  Count One:  Racketeering Act Two:
     Murder Conspiracy: First Element
     Existence of the Conspiracy  . . . . . . . . . . . . . 49

28.  Count One:  Racketeering Act Two:
     Murder Conspiracy: Second Element
     Membership in the Conspiracy . . . . . . . . . . . . . 50

29.  Count One:  Racketeering Act Two:
     Murder Conspiracy: Third Element
     Overt Act  . . . . . . . . . . . . . . . . . . . . . . 52

30.  Count One:  Racketeering Act Two:
     Intentional Murder Under New York State Law. . . . . . 54

31.  Counts Three, Four, Five, and Six:
     Violent Crimes In Aid Of  Racketeering Activity:
     The Indictment And The Statute . . . . . . . . . . . . 56

32.  Counts Three, Four, Five, and Six:
     Violent Crimes In Aid Of Racketeering:  Elements . . . . 58

ii

33.  Counts Three, Four, Five, and Six:
     Violent Crimes In Aid Of Racketeering:  First Element -
     Existence Of the Enterprise. . . . . . . . . . . . . .  59

34.  Counts Three, Four, Five, and Six:
     Violent Crimes In Aid Of Racketeering: Second Element -
     The Crimes . . . . . . . . . . . . . . . . . . . . . .  60

35.  Counts Three, Four, Five, and Six:
     Violent Crimes In Aid Of Racketeering: Third Element -
     Gaining Entrance To, Maintaining, Or Increasing
     Position In The Enterprise . . . . . . . . . . . . . .  62

36.  Counts Seven and Eight:
     General Instructions . . . . . . . . . . . . . . . . .  65

37.  Count Twelve: Narcotics Conspiracy:
     General Instructions . . . . . . . . . . . . . . . . .  66

38.  Counts Twelve:  Narcotics Conspiracy:  Elements. . . .  67

39.  Counts Seven and Eight:
     Murder In Connection With Drug Trafficking:
     General Instructions . . . . . . . . . . . . . . . . .  69

40.  Counts Seven and Eight:
     Murder In Connection with Drug Trafficking:  Elements. .  70

41.  Counts Seven and Eight:
     Murder In Connection With Drug Trafficking:
     First and Second Elements - Narcotics Conspiracy . . . .  71

42.  Counts Seven and Eight:
     Murder In Connection with Drug Trafficking:
     Third And Fourth Elements. . . . . . . . . . . . . . .  72

43.  Counts Nine and Eleven:
     Firearms Offenses Under Section 924(c):
     The Indictment And The Statute . . . . . . . . . . . .  75

44.  Counts Nine and Eleven:
     Firearms Offenses Under Section 924(c):
     Elements . . . . . . . . . . . . . . . . . . . . . . .  77

45.  Counts Nine and Eleven:
     Firearms Offenses Under Section 924(c):
     First Element - "Using," "Carrying," Or "Possessing" . .  78

46.  Counts Nine and Eleven:
     Firearms Offenses Under Section 924(c):
     Second Element - During And In Relation To A Crime of
     Violence Or A Drug-Trafficking Crime . . . . . . . . . .  81

iii

47. Counts Nine and Eleven:
    Firearms Offenses Under Section 924(c):
    Third Element - "Unlawfully," "Willfully,"
    And Knowingly. . . . . . . . . . . . . . . . . . . . . . . . 82

48. Count Ten:
    Murder Through the Use of a Firearm
    The Indictment and the Statute . . . . . . . . . . . . . 83

49. Count Ten:
    Murder Through the Use of a Firearm
    Elements . . . . . . . . . . . . . . . . . . . . . . . . 84

50. Count Ten:
    Murder Through the Use of a Firearm
    First Element . . . . . . . . . . . . . . . . . . . . . . 85

51. Count Ten:
    Murder Through the Use of a Firearm
    Unanimity Requirement As To Predicate. . . . . . . . . . 86

52. Count Ten:
    Murder Through the Use of a Firearm
    Second Element . . . . . . . . . . . . . . . . . . . . . 87

53. Count Ten:
    Murder Through the Use of a Firearm
    Third Element . . . . . . . . . . . . . . . . . . . . . . 88

54. Count Ten:
    Murder Through the Use of a Firearm
    Fourth Element . . . . . . . . . . . . . . . . . . . . . 89

55. Count Ten:
    Murder Through the Use of a Firearm
    Fifth Element . . . . . . . . . . . . . . . . . . . . . . 90

56. Count Ten:
    Murder Through the Use of a Firearm
    Aiding and Abetting Liability . . . . . . . . . . . . . . 91

57. Count Ten:
    Murder Through the Use of a Firearm
    Pinkerton Liability . . . . . . . . . . . . . . . . . . . 92

58. Venue. . . . . . . . . . . . . . . . . . . . . . . . . . . 95

59. Variance In Dates. . . . . . . . . . . . . . . . . . . . . 96

60. Stipulations . . . . . . . . . . . . . . . . . . . . . . . 97

61. Defendant's Right Not To Testify . . . . . . . . . . . . . 98

iv

62.  Particular Investigative Techniques Not Required . . . .  99

63.  Uncalled Witnesses - Equally Available to Both Sides . . 100

64.  Expert Testimony . . . . . . . . . . . . . . . . . . . 101

65.  Accomplice Testimony . . . . . . . . . . . . . . . . . 103

66.  Accomplice Testimony - Guilty Plea . . . . . . . . . . 106

67.  Preparation of Witnesses . . . . . . . . . . . . . . . 107

68.  Use Of Informants  . . . . . . . . . . . . . . . . . . 108

69.  Use Of Evidence Obtained Pursuant To Searches. . . . . 109

70.  Law Enforcement Witnesses. . . . . . . . . . . . . . . 110

71.  Use Of Recordings And Transcripts. . . . . . . . . . . 111

72.  Redaction of Evidentiary Items . . . . . . . . . . . . 112

73.  Use Of Charts And Tables . . . . . . . . . . . . . . . 113

74.  Character Witnesses. . . . . . . . . . . . . . . . . . 114

75.  Similar Acts . . . . . . . . . . . . . . . . . . . . . 115

76.  Persons Not On Trial . . . . . . . . . . . . . . . . . 117

77.  Conclusion . . . . . . . . . . . . . . . . . . . . . . 118

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA            :

         - v. -                     :

JAHLIL BROWN,                       :    S24 04 Cr. 801 (PKC)
     a/k/a "Jolly,"
     a/k/a "Jahlil Bennett,"        :

                  Defendant.        :
- - - - - - - - - - - - - - - - - -x
```

### GOVERNMENT'S REQUESTS TO CHARGE

   Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

REQUEST NO. 1

General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function Of Court And Jury.

b.   Indictment Not Evidence.

c.   Statements Of Court And Counsel Not Evidence.

d.   Burden Of Proof And Presumption Of Innocence.

e.   Reasonable Doubt.

f.   Government Treated Like Any Other Party.

g.   Definitions, Explanations, And Example Of Direct And Circumstantial Evidence.

h.   Inferences.

i.   Credibility Of Witnesses.

j.   Right to See Exhibits And Have Testimony Read During Deliberations.

k.   Sympathy:  Oath Of Jurors.

l.   Punishment Is Not To Be Considered By The Jury.

m.   Verdict Of Guilt Or Innocence Must Be Unanimous.

2

<u>REQUEST NO. 2</u>

<u>The Indictment</u>

The defendant, JAHLIL BROWN, is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence. Before you begin your deliberations, you will be provided with a copy of the Indictment.  I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

REQUEST NO. 3

Summary Of Indictment

The Indictment contains a total of twelve counts, or charges.

Count One charges that from in or about 2000 to in or about April 2003, JAHLIL BROWN, together with others, conducted and participated in the affairs of a racketeering enterprise through a series of specific criminal acts alleged to constitute a pattern of racketeering activity.

The Indictment refers to the racketeering enterprise as the Two Mile Posse.  The enterprise is alleged to have been an association of individuals that existed for several purposes, including the following: (a) enriching its members and associates through, among other things, murder and the sale and distribution of marijuana; (b) preserving and protecting the power of the enterprise through murder and other acts of violence; and (c) promoting and enhancing the enterprise and the activities of its members and associates.

The crimes alleged to constitute the pattern of racketeering are the following:

1.   a conspiracy to violate the narcotics laws from in or about 2000 to in or about April 2003, and

2.   a conspiracy to murder, and the murders of, Rohan Bailey and Camila Simmonds in December 2001.

Count Two charges JAHLIL BROWN with conspiracy to participate in a racketeering enterprise.

4

Count Three charges JAHLIL BROWN with the assault of Dennis Paulk on June 20, 2002, for the purpose of maintaining and increasing his position in the alleged Two Mile Posse racketeering enterprise.

Counts Four, Five, and Six charge JAHLIL BROWN with conspiracy to murder, and the murders of, Rohan Bailey and Camila Simmonds in December 2001 for the purpose of maintaining and increasing his position in the alleged Two Mile Posse racketeering enterprise.

Counts Seven and Eight charge JAHLIL BROWN with killing Rohan Bailey and Camila Simmonds while engaged in a narcotics conspiracy.

Count Nine alleges that on or about December 19, 2001, during and in relation to the alleged conspiracy to murder and the murder of Rohan Bailey and Camila Simmonds, JAHLIL BROWN, used, carried, possessed, and discharged a firearm.

Count Ten alleges that on or about December 19, 2001, during and in relation to the alleged conspiracy to murder and the murder of Rohan Bailey and Camila Simonds, JAHLIL BROWN used, carried, and possessed, and aided and abetted the use, carrying, and possession of firearms, and in the course of such crimes, cased the death of persons through the use of firearms.

Count Eleven alleges that from in or about December 2001 through at least in or about April 2003, during and in relation to the charged narcotics conspiracy, JAHLIL BROWN used, carried, and possessed a firearm.

Count Twelve alleges that from in or about 2000 to in or about April 2003, JAHLIL BROWN conspired to violate the narcotics laws by distributing and possessing with intent to distribute at least 1,000 kilograms of marijuana.

REQUEST NO. 4

Structure of Murder Charges - Multiple Statutes
and Theories Of Liability

A few observations are in order following my summary of
the Indictment.  As you probably could tell from the summary, the
Indictment contains many charges — charges, for example,
involving racketeering activity, narcotics trafficking, murder
and conspiracy to commit murder, and firearms possession.

Let me make these observations about the murder charges
in particular.  The Indictment charges and specifies two
different murders.  As it is entitled to do, the Government has
brought these charges under more than one criminal statute, and
therefore you might say under more than one theory of criminal
liability.  A consequence of the Indictment containing charges
brought under multiple statutes is that you will need to be
instructed on the legal elements and principles applicable to
each statute and theory of liability.

Unless I instruct you otherwise, you will need to
consider each charge, including each murder charge, against the
defendant, and determine whether the Government has carried its
burden of proof with respect to that charge.  I will provide you
with a verdict form, and you will need to report the results of
your deliberations on each count on the verdict form.  To do so,
you will need to keep track during your deliberations of which
charge you are considering, and, even more specifically, the
legal elements applicable to the charge.

In a few moments, I will instruct you on the elements

7

of each of the charged offenses, including the murder charges.  I will provide you with all relevant definitions and all relevant legal principles.  In other words, I will provide you with the instructions you need to decide whether the Government has proven beyond a reasonable doubt each of the necessary elements on each of the murder charges.

During your deliberations, you will have a copy of the Indictment to reference as you deem necessary.  You also will have a copy of my instructions.

I make these observations to ensure that you understand the structure of the charges against the defendant and your obligation to consider the charges under each statute and theory of liability alleged in the Indictment.

> Cf. United States v. Pimentel, 346 F.3d 285, 302-05 (2d Cir. 2003) (stressing the importance of District Courts defining the elements of each racketeering at alleged within a broader RICO charge); see also United States v. Carillo, 229 F.3d 177, 183-84 (2d Cir. 2000) (same).

<u>REQUEST NO. 5</u>

Count Two:
RICO Conspiracy:
<u>The Indictment And The Statute</u>

As I mentioned, Count One charges an actual or
substantive violation of the federal racketeering laws, while
Count Two charges a conspiracy to violate those laws.  I will
first explain to you the racketeering conspiracy charge in Count
Two, because an understanding of the law of conspiracy is
necessary for an understanding of many of the charges in the
Indictment, including subparts or aspects of Count One.  Keep in
mind that as I am discussing the Count Two conspiracy charge, I
will make reference to certain concepts – for example, "pattern
of racketeering" – that will be defined later in the instructions
on Count One.  Remember that you are to consider the instructions
as a whole and, unless I indicate otherwise, the terms defined in
the discussion of Count One have the same meaning when used with
respect to Count Two.

Count Two charges JAHLIL BROWN with conspiracy to
violate the racketeering laws.  The applicable statute, which is
contained in Section 1962(d) of the Federal Criminal Code, makes
it "unlawful for any person to conspire to violate any of the
provisions of" of the Racketeer Influenced and Corrupt
Organizations Act, or, for short, the "RICO" statute.

Let me stop here and note that the words "rackets,"
"racketeer" and "racketeering" have certain implications in our
society.  But use of the term in the applicable statute and here

9

in this courtroom should not be regarded as having anything to do with your determination of whether the guilt of the defendant has been proven.  The term is only a term used by Congress to describe the statute.

Count Two of the Indictment reads as follows:

[The Court is respectfully requested to read Count Two.]

Adapted from the charges of Judge Robert L. Carter in <u>United States</u> v. <u>Nosov</u>, S3 00 Cr. 314 (RLC), and Judge Lawrence M. McKenna in <u>United States</u> v. <u>Westley Paloscio</u>, 99 Cr. 1199 (LMM).

REQUEST NO. 6

Count Two:
RICO Conspiracy:  Elements

On Count Two, the Government must prove beyond a reasonable doubt each of the following elements:

first, that the enterprise alleged in the Indictment existed;

second, that the defendant was employed by or associated with the enterprise;

third, that the defendant unlawfully, willfully, and knowingly conspired with at least one other person to participate in the conduct of the affairs of that enterprise; and

fourth, that the enterprise affected interstate or foreign commerce.

> Adapted from the charge of Judge Robert L. Carter in United States v. Nosov, S3 00 Cr. 314 (RLC) and the charge of Judge Lawrence M. McKenna in United States v. Westley Paloscio, 99 Cr. 1199 (LMM); cf. Charge of Judge Pierre N. Leval in United States v. Espinal, 91 Cr. 310 (S.D.N.Y. 1991), aff'd, 981 F.2d 664 (2d Cir. 1992). See also Salinas v. United States, 522 U.S. 52 (1997); United States v. Teitler, 802 F.2d 606, 612-14 (2d Cir. 1986) (setting forth elements of RICO conspiracy offense); United States v. Santiago, 214 F. Supp. 2d 421, 425-26 (S.D.N.Y. 2002).

REQUEST NO. 7

Count Two:
RICO Conspiracy:  First,
Second, And Fourth Elements

You will learn in a few minutes that the first, second, and fourth elements of the RICO conspiracy offense are identical to the first, second, and fifth elements of the substantive RICO violation alleged in Count One.  When you consider these elements for purposes of Count Two, then, you should rely on the instructions that I give you for Count One.

12

<u>REQUEST NO. 8</u>

Count Two:
RICO Conspiracy:  Third Element – Agreement
<u>To Participate In The Affairs Of The Enterprise</u>

The principal difference between Count One and Count Two relates to the third element of Count Two -- the agreement to participate in the conduct of the affairs of the enterprise.

Under Count One, the substantive RICO count, as I will instruct you in greater detail, you cannot convict a defendant unless you find that the defendant actually committed or aided the commission of two of the specified acts of racketeering. Under the RICO conspiracy count, by contrast, a defendant need only conspire or agree to participate in the conduct of the affairs of the enterprise.  If you find beyond a reasonable doubt that <u>any</u> member of the conspiracy agreed to commit at least two acts of racketeering activity and that the defendant knew about and agreed to facilitate or participate in the conduct of the affairs of the enterprise, that is sufficient to support a conviction under Count Two.

In other words, what you are being asked to decide in Count Two is this:  regardless of whether JAHLIL BROWN was involved in the commission of any of the specified acts of racketeering, did he nevertheless know about the activities of the other members of the conspiracy?  Did the defendant know that this whole pattern of activity was going on and did the defendant then knowingly and willfully join in and participate and contribute in some fashion to the goals of the conspiracy?

13

It is not necessary for the defendant or any member of the conspiracy to have succeeded in actually carrying out the specified racketeering acts.

> See Salinas v. United States, 522 U.S. 52,
> 62-66 (1997) (interpreting 18 U.S.C. §
> 1962(d) and holding that, to be convicted of
> a RICO conspiracy, a defendant needs to be
> shown to have agreed generally with another
> person to further or facilitate the affairs
> of the alleged enterprise, but not to have
> agreed to commit two or more predicate acts);
> adapted from the charge of Judge Robert L.
> Carter in United States v. Nosov, S3 00 Cr.
> 314 (RLC); the charge of Judge Lawrence M.
> McKenna in United States v. Westley Paloscio,
> 99 Cr. 1199 (LMM); the charge of Judge John
> S. Martin, Jr. in United States v. Felipe,
> S16 94 Cr. 395 (S.D.N.Y. 1996); and the
> charge of Judge Pierre N. Leval in United
> States v. Espinal, 91 Cr. 310 (S.D.N.Y.
> 1991), aff'd, 981 F.2d 664 (2d Cir. 1992).

<u>REQUEST NO. 9</u>

Count Two:
<u>RICO Conspiracy:   Third Element – Conspiracy</u>

To find that a defendant unlawfully, willfully, and knowingly conspired with at least one other person to participate in the conduct of the affairs of the enterprise, you must find the following beyond a reasonable doubt:

<u>first</u>, that the conspiracy charged in this count existed;

<u>second</u>, that the defendant joined in the conspiracy; and

<u>third</u>, that the defendant did so knowingly and willfully and with an awareness of the illegal nature of the objectives of the conspiracy.

<u>Existence of the Conspiracy</u>

Let's start with some general points about the law of conspiracy and the charges in the Indictment.  As I indicated, while Count One charges an actual violation of the RICO statute, Count Two charges a conspiracy to violate that statute.  The essence of the crime of conspiracy is an agreement or understanding between two or more people to accomplish by joint action some unlawful purpose.  Thus, a conspiracy is sometimes referred to as a partnership in crime.  If a conspiracy exists, even if its purpose is not successful or ever carried out, it is punishable as a crime.  Indeed, you may find a defendant guilty of the crime of conspiracy to violate the racketeering laws even if you find that those laws in fact were never violated – in

15

other words, even if the conspiracy was not successful.

To prove that a conspiracy existed, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details. Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to the unexpressed understanding. It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

To show that a conspiracy existed, the evidence must show that two or more people, in some way or manner, either explicitly or implicitly came to an understanding to violate the law and to accomplish an unlawful plan.

In determining whether there has been an unlawful agreement as alleged in the indictment, you may consider the acts and conduct of the alleged co-conspirators that were done to carry out the apparent criminal purpose. The old adage, "Actions speak louder than words," applies here. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators. When taken all together and considered as a whole, however, those acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof.

So you must first determine whether or not the proof established beyond a reasonable doubt the existence of the

16

conspiracy charged in Count Two of the Indictment.  In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator and such inferences as may be reasonably drawn from them.  It is sufficient to establish the existence of the conspiracy, as I have already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way to accomplish, by the means alleged, the objectives of the conspiracy.

The objects of the conspiracy are the illegal goals the co-conspirators agree or hope to achieve.  Count Two charges that the object of this particular conspiracy was to violate the racketeering laws by conducting or participating in the affairs of the alleged racketeering enterprise, the Two Mile Posse, through a pattern of illegal activity.  I will define some of those terms for you when I instruct you on Count One, the substantive racketeering charge.  And you should apply those definitions in determining whether, in fact, a conspiracy existed and that the object the conspiracy was to violate the racketeering laws through a pattern of illegal acts.

Membership in Conspiracy

If you conclude that the Government has proved beyond a reasonable doubt that the conspiracy charged in Count Two did in fact exist, and that the conspiracy had as its object the illegal purpose of violating the racketeering laws, as charged in the

17

Indictment, you must then move forward and answer a second question: whether the defendant intentionally joined that conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objective.

The Government must prove that the defendant knowingly and intentionally entered into the conspiracy with criminal intent – that is, with a purpose to violate the law – and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objective.

Let me define the terms unlawfully, intentionally, and knowingly. "Unlawfully" simply means contrary to law. The defendant need not have known that he or she was breaking any particular law or any particular rule. Rather, the defendant need only have been aware of the generally unlawful nature of his or her acts.

An act is done "intentionally" and "knowingly" if it is done deliberately and purposefully. That is, the defendant's acts must have been the product of the defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

Knowledge is a matter of inference from the proven facts. Science has not yet devised a way of looking into a person's mind and knowing what that person is thinking. However, you do have before you the evidence of certain acts and communications alleged to have taken place by or with the defendants or in their presence. The Government contends that

18

these acts and conversations show beyond a reasonable doubt
knowledge on the part of the defendant of the unlawful purposes
of the charged conspiracy.

The defendant denies being a member of the alleged
conspiracy.  It is for you to determine whether the Government
has established to your satisfaction and beyond a reasonable
doubt such knowledge and intent on the part of the defendant.

It is not necessary that a defendant be fully informed
as to all the details of a conspiracy in order to justify an
inference of knowledge on the defendant's part.  To have guilty
knowledge, a defendant need not have known the full extent of the
conspiracy or all of its activities or all of its participants.
It is not even necessary that the defendant know every other
member of the conspiracy.  In fact, a defendant may know only one
other member of the conspiracy and still be a co-conspirator.
Nor is it necessary that a defendant receive any monetary benefit
from participating in the conspiracy or have a financial stake in
the outcome, so long as the defendant in fact participated in the
conspiracy in the manner I have explained.

The duration and extent of a defendant's participation
has no bearing on the issue of a defendant's guilt.  A defendant
need not have joined the conspiracy at the outset.  A defendant
may have joined it for any purpose at any time in its progress,
and the defendant will still be held responsible for all that was
done before the defendant joined and all that was done during the
conspiracy's existence while the defendant was a member.  Each

19

member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor roles in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a particular defendant within the ambit of the conspiracy.

I want to caution you, however, that the mere association by one person with another does not make that person a member of the conspiracy, even when coupled with knowledge that a conspiracy is taking place.  Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.  In other words, knowledge without participation is not sufficient.  What is necessary is that the defendant in question has participated in the conspiracy with knowledge of its unlawful purposes and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged in, advised, or assisted it for the purpose of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement – that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a

person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

In short, the Government must prove that the defendant (a) was aware of the general nature of the conspiracy and that the conspiracy extended beyond the defendant's individual role, and (b) agreed to facilitate or participate in the conduct of the affairs of the enterprise.

> Adapted from the charge in <u>United States</u> v. <u>Marmolejo</u>, 89 F.3d 1185, 1195 n.16 (5th Cir. 1996), <u>aff'd sub nom</u>. <u>Salinas</u> v. <u>United States</u>, 522 U.S. 52 (1997), and from the charge of Judge Pierre N. Leval in <u>United States</u> v. <u>Espinal</u>, 91 Cr. 310 (S.D.N.Y. 1991), <u>aff'd</u>, 981 F.2d 664 (2d Cir. 1992), the charge of Judge Lawrence M. McKenna in <u>United States</u> v. <u>Westley Paloscio</u>, 99 Cr. 1199 (LMM), and from the charge of Judge Robert L. Carter in <u>United States</u> v. <u>Nosov</u>, S3 00 Cr. 314 (RLC), and Judge Gerard E. Lynch in <u>United States</u> v. <u>Edwin Diaz</u>, 99 Cr. 1193 (non-RICO context, narcotics conspiracy only).

REQUEST NO. 10

Count One:
Substantive RICO:
The Indictment And The Statute

I turn now to Count One, the substantive RICO count.

In relevant part, Count One alleges:

[The Court is respectfully requested to read

Paragraph 1 of Count One.]

Count One alleges a violation of Section 1962(c) of the

Federal Criminal Code, which makes it a crime for:

> any person employed by or associated with any
> enterprise engaged in, or the activities of
> which affect, interstate or foreign commerce,
> to conduct or participate, directly or
> indirectly, in the conduct of such
> enterprise's affairs through a pattern of
> racketeering activity or collection of
> unlawful debt.

The statute, in essence, makes it a crime for a person

to participate in the conduct of an enterprise's affairs through

a pattern of certain violations of law known as "racketeering

acts."  Here, the defendant is charged with participating in the

affairs of the Two Mile Posse by engaging in the alleged pattern

of criminal acts that I described when summarizing the

Indictment.

> Adapted from the charges of Judge Pierre N.
> Leval in United States v. Espinal, 91 Cr. 310
> (S.D.N.Y. 1991), aff'd, 981 F.2d 664 (2d Cir.
> 1992), and Judge Lawrence M. McKenna in
> United States v. Westley Paloscio, 99 Cr.
> 1199 (LMM), and from Sand, Modern Federal
> Jury Instructions, Instrs. 52-19, 52-20.

22

REQUEST NO. 11

Count One:
<u>Substantive RICO:  Elements</u>

On Count One, the Government must prove beyond a reasonable doubt each of the following elements:

<u>first</u>, that the alleged criminal enterprise existed;

<u>second</u>, that the defendant was associated with or employed by the enterprise;

<u>third</u>, that the defendant engaged in a pattern of racketeering activity;

<u>fourth</u>, that the defendant unlawfully, willfully, and knowingly conducted or participated in the conduct of the affairs of that enterprise through that pattern of racketeering activity; and

<u>fifth</u>, that the enterprise affected interstate or foreign commerce.

Adapted from the charge of Judge Robert L. Carter in <u>United States</u> v. <u>Nosov</u>, S3 00 Cr. 314 (RLC), the charge of Judge Pierre N. Leval in <u>United States</u> v. <u>Espinal</u>, 91 Cr. 310 (S.D.N.Y. 1991), <u>aff'd</u>, 981 F.2d 664 (2d Cir. 1992), and from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 52-21.  <u>See</u> <u>United States</u> v. <u>Indelicato</u>, 865 F.2d 1370, 1373 (2d Cir. 1989) (<u>en banc</u>) (generally discussing requirements of Section 1962(c)); <u>see also</u> <u>De Falco</u> v. <u>Bernas</u>, 244 F.3d 286, 306 (2d Cir. 2001).

REQUEST NO. 12

Count One:
Substantive RICO:  First Element –
Existence Of The Enterprise

The first element that the Government must prove beyond a reasonable doubt is that the alleged enterprise in fact existed.

Under the RICO statute, an enterprise does not have to have a particular name – or, for that matter, have any name at all.  Nor must it be registered or licensed as an enterprise.  It does not have to be a commonly recognized legal entity, such as a corporation, a trade union, a partnership, or the like.  The statute makes clear that an enterprise may be – and I am quoting – "a group of individuals [who are] associated in fact although not a legal entity."

Thus, an enterprise may be a group of people informally associated together for a common purpose of engaging in a course of conduct.  This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose. In addition to having a common purpose, this group of people must have a core of personnel who function as a continuing unit. Furthermore, the enterprise must continue to exist in substantially similar form through the period charged.  This does not mean that the membership must remain exactly identical, but the enterprise must have a recognizable core that continues during a substantial period within the time frame charged in the Indictment.

24

The Indictment alleges that the following enterprise existed:

[The Court is respectfully requested to read paragraphs 2 through 6 of Count One.]

In summary, if you find that there was a group of people characterized by (1) a common purpose or purposes, (2) an ongoing formal or informal organization or structure, and (3) core personnel who functioned as a continuing unit during a substantial period within the time frame charged in the Indictment, then an enterprise existed.

Adapted from the charge of Judge Robert L. Carter in United States v. Nosov, S3 00 Cr. 314 (RLC), the charge of Judge Lawrence M. McKenna in United States v. Westley Paloscio, 99 Cr. 1199 (LMM), the charge of Judge Pierre N. Leval in United States v. Espinal, 91 Cr. 310 (S.D.N.Y. 1991), aff'd, 981 F.2d 664 (2d Cir. 1992), and from Sand, Modern Federal Jury Instructions, Instr. 52-22. See United States v. Indelicato, 865 F.2d 1370, 1382 (2d Cir. 1989) (en banc) ("Congress sought to define [enterprise] as broadly as possible, 'includ[ing]' within it every kind of legal entity and any 'group of individuals associated in fact although not a legal entity.'") (quoting 18 U.S.C. § 1961(4)), and United States v. Porcelli, 865 F.2d 1352, 1362 (2d Cir.) (enterprise given "broad definition": "The enterprise can be any enterprise, not merely one engaged in a pattern of racketeering; indeed, it may be a victim of racketeering."), cert. denied, 493 U.S. 810 (1989). United States v. Errico, 635 F.2d 152 (2d Cir. 1980) (requirement that enterprise be "continuing unit"), cert. denied, 453 U.S. 911 (1981); see also United States v. Morales, 185 F.3d 74, 80 (2d Cir. 1999).

25

REQUEST NO. 13

Count One:
Substantive RICO:  Second Element –
Association With The Enterprise

As for the second element of Count One, the Government must prove beyond a reasonable doubt that the defendant was associated with or was employed by the enterprise.  It is not required that the defendant has been associated with or employed by the enterprise for the entire time that the enterprise existed.  It is required, however, that the Government prove beyond a reasonable doubt that at some time during the period indicated in the Indictment, the defendant was associated with or was employed by the enterprise.

The Government must also show that the defendant's association with the enterprise was knowing – that is, made with knowledge of the existence of the criminal enterprise through a general awareness of some of its purposes, activities, and personnel.  If you find that the Government has proven the defendant's knowing association with the enterprise, then the second element is satisfied.

> Adapted from the charges of Judge Robert L. Carter in United States v. Nosov, S3 00 Cr. 314 (RLC),and Judge Pierre N. Leval in United States v. Espinal, 91 Cr. 310 (S.D.N.Y. 1991), and from Sand, Modern Federal Jury Instructions, Instr. 52-24; see also United States v. Castellano, 610 F. Supp. 1359, 1406-07 (S.D.N.Y. 1985) ("The government must prove the existence of the [enterprise] but it need not prove that every defendant was a `member.'  All it need show is that each defendant was somehow 'associated with' the [enterprise].")

26

REQUEST NO. 14

Count One:
Substantive RICO:  Third Element –
Pattern Of Racketeering Activity

The third element the Government must prove beyond a reasonable doubt is that the defendant engaged in a pattern of racketeering activity.

A person engages in a pattern of racketeering activity if he or she commits at least two related acts of racketeering within ten years.  The two racketeering acts may not be isolated or disconnected but must be related to each other by a common scheme, plan, or motive.  The two racketeering acts must also amount to, or pose a threat of, continued criminal activity.  In determining whether the racketeering acts constitute a "pattern," you may consider whether the acts were closely related in time, whether the acts shared common victims or common goals, and whether they shared a similarity of methods.  If the same act was repeated more than once, you may also consider this as evidence that the acts were part of a "pattern."

In a moment, I will describe the specific racketeering acts the defendant is charged with committing.  For now, though, it is important to understand that you must be unanimous as to which racketeering acts have been proven beyond a reasonable doubt before you may find that the third element of the substantive RICO offense has been satisfied.  In other words, there must be at least two specific racketeering acts that all of you believe were committed by the defendant to convict.

27

Difference Between "Enterprise" and "Pattern of Racketeering"

Let me make clear that an enterprise is not the same thing as the pattern of racketeering activity. To convict, the Government must prove both that there was an enterprise and that the enterprise's affairs were conducted through a pattern of racketeering activity. As I have mentioned, the enterprise in this case is alleged to be a group of individuals who associated together for a common purpose of engaging in a course of conduct. A pattern of racketeering activity, on the other hand, is a series of criminal acts.

The existence of the enterprise is proved by evidence of an ongoing organization, formal or informal, with a common purpose and by evidence that various core personnel of the group functioned as a continuing unit.

The pattern of racketeering activity, on the other hand, is proved by evidence of a minimum of two acts of racketeering that the participants in the enterprise committed or aided and abetted. The proof used to establish those separate elements may be the same or overlapping. For example, if you find that an ongoing enterprise existed, the existence of this enterprise may help establish that the separate racketeering acts were part of a "pattern" of continuing criminal activity. Nevertheless, you should bear in mind that proof of an enterprise does not necessarily establish proof of a pattern of racketeering activity, and vice versa. The enterprise is a separate element that must be proven by the Government.

28

Adapted from the charge of Judge Robert L.
Carter in <u>United States</u> v. <u>Nosov</u>, S3 00 Cr.
314 (RLC), the charge of Judge Pierre N.
Leval in <u>United States</u> v. <u>Espinal</u>, 91 Cr. 310
(S.D.N.Y. 1991), <u>aff'd</u>, 981 F.2d 664 (2d Cir.
1992), from the charge in <u>United States</u> v.
<u>Teitler</u>, 802 F.2d 606, 612 (2d Cir. 1986)
(setting forth approved language), and from
Sand, <u>Modern Federal Jury Instructions</u>,
Instrs. 52-6, 52-7, 52-25, 52-26.  <u>See</u> <u>United</u>
<u>States</u> v. <u>Indelicato</u>, 865 F.2d 1370, 1382,
1384 (2d Cir.) (<u>en banc</u>) ("An
interrelationship between acts, suggesting
the existence of a pattern, may be
established . . . [by] proof of their
temporal proximity, or common goals, or
similarity of methods, or repetitions. . . .
[E]vidence of the nature of the enterprise
may be used to show the threat of continuity
sufficient to establish a <u>RICO</u> pattern."),
<u>cert</u>. <u>denied</u>, 491 U.S. 907 (1989); <u>United</u>
<u>States</u> v. <u>Alkins</u>, 925 F.2d 541, 551-53 (2d
Cir. 1991) (holding that it is error to
charge that racketeering acts "need not be
shown to be related to each other"); <u>United</u>
<u>States</u> v. <u>Simmons</u>, 923 F.2d 934, 950-51 (2d
Cir.) ("pattern" requirement), <u>cert</u>. <u>denied</u>,
500 U.S. 919 (1991).  <u>See generally</u> <u>H.J. Inc.</u>
v. <u>Northwestern Bell Tel. Co</u>., 492 U.S. 229,
236-49 (1989).

<u>REQUEST NO. 15</u>

Count One:
Substantive RICO:  Fourth Element –
Conducting Or Participating In The
<u>Enterprise Through A Pattern Of Racketeering Activity</u>

If the Government proves that the defendant engaged in a pattern of racketeering acts, then you must determine whether, in committing those racketeering acts, the defendant was conducting or participating in the enterprise.

It is not enough that there be an enterprise and that the defendant engaged in a pattern of racketeering activity. More is required.  There must be a meaningful connection between the defendant's racketeering acts and the affairs of the enterprise.  The defendant must have conducted or participated in the enterprise by engaging in the pattern of racketeering activity.

It is not necessary, however, that the racketeering activity directly further the enterprise's activities.  It is enough that the defendant's racketeering activity was related to the enterprise's activities.

The fourth element also requires that the defendant have had some role in the operation, direction, or management of the enterprise.  The Government is not required to prove that the defendant was the sole operator or manager of the enterprise or even that the defendant was a principal operator or manager.  It is sufficient if you find that the defendant provided substantial assistance to those who conducted the enterprise and thereby was involved in playing a part in the direction of the affairs of the

30

enterprise through a pattern of racketeering activity.

<div style="margin-left: 2em">

See the charge of Judge Robert L. Carter in
United States v. Nosov, S3 00 Cr. 314 (RLC);
the charge of Judge Lawrence M. McKenna in
United States v. Westley Paloscio, 99 Cr.
1199 (LMM); Reves v. Ernst & Young, 507 U.S.
170 (1993); United States v. Napoli, 45 F.3d
680, 683 (2d Cir. 1995); United States v.
Wong, 40 F.3d 1347, 1374-75 (2d Cir. 1994);
United States v. Viola, 35 F.3d 37, 40-41 (2d
Cir. 1994), cert. denied, 513 U.S. 1198
(1995); United States v. Thai, 29 F.3d 785,
815-16 (2d Cir.), cert. denied, 513 U.S. 977
(1994); United States v. Simmons, 923 F.2d
934, 951 (2d Cir.), cert. denied, 500 U.S.
919 (1991).

</div>

REQUEST NO. 16

Count One:
Substantive RICO:
Fifth Element – Effect On Commerce

The fifth and final element that the Government must prove beyond a reasonable doubt on Count One is that the criminal enterprise itself, or the racketeering activities of those associated with it, had some effect upon interstate or foreign commerce. This effect on commerce could have occurred in any way, and it need only have been minimal.

You need not find a substantial effect on interstate or foreign commerce. Nor is it necessary for you to find that the defendant knew the enterprise was engaged in interstate or foreign commerce. Nor is it necessary that the effect on commerce have been adverse to commerce. All that is necessary is that the activities of the enterprise affected interstate or foreign commerce in some minimal way.

It is sufficient, for example, that, in the course of the racketeering activities, members of the enterprise used weapons that had traveled in interstate commerce, traveled interstate themselves, used telephone facilities interstate, or took money from businesses that had an effect on interstate commerce.

The commerce affected or potentially affected need not be lawful. Activities affecting or potentially affecting unlawful interstate activity, such as drug dealing and trafficking, fall within the purview of the statute. Indeed,

32

Congress has determined that all illegal drug activity, even when purely local in nature, has a substantial effect on interstate commerce.  Thus, if you find that the alleged racketeering enterprise trafficked in narcotics, you may find that the Government satisfied this element.

> Adapted from the charge of Judge Pierre N. Leval in United States v. Espinal, 91 Cr. 310 (S.D.N.Y. 1991), aff'd, 981 F.2d 664 (2d Cir. 1992), and from Sand, Modern Federal Jury Instructions, Instr. 52-14.
>
> See 18 U.S.C. § 1962(c) ("It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.) (emphases added); see also United States v. Miller, 116 F.3d 641, 674 (2d Cir. 1997) ("Of especial importance to the present case, we have held that 'because narcotics trafficking represents a type of activity that Congress reasonably found substantially affected interstate commerce, the actual effect that each drug conspiracy has on interstate commerce is irrelevant.' It follows that where, as here, the RICO enterprise's business is narcotics trafficking, that enterprise must be viewed as substantially affecting interstate commerce, even if individual predicate acts occur solely within a state.") (quoting United States v. Genao, 79 F.3d 1333, 1336 (2d Cir. 1996)).

REQUEST NO. 17

Count One:
Substantive RICO:
The Racketeering Acts – Introduction

Let me turn now to the specific racketeering acts charged in the Indictment and the elements of those acts. As I have explained to you, you may not find the defendant guilty of Count One unless you find that the defendant committed at least two of the racketeering acts charged in the Indictment. To make that determination, you need to know and understand the elements of each racketeering act. The Indictment alleges a total of two racketeering acts.

One of the charged racketeering acts allege more than one criminal act. Racketeering Act Two alleges the conspiracy to murder Rohan Bailey, a/k/a "Junior," and Camila Simmonds, a/k/a "Boy Blue," a/k/a "Corey Brown," and the actual murders of Rohan Bailey and Camila Simmonds. If you find beyond a reasonable doubt that the defendant committed any one of the crimes charged within a single racketeering act, you must find that the Government has proven that racketeering act as to the defendant. In other words, you need only find that the defendant committed one of the crimes charged within a single racketeering act in order to find that the Government has proven the entire racketeering act.

> Cf. United States v. Pimentel, 346 F.3d 285, 302-05 (2d Cir. 2003) (explaining the importance of District Courts defining the elements of each alleged racketeering act).

34

REQUEST NO. 18

Aiding And Abetting Liability

Before I describe the specific racketeering acts alleged in the Indictment, I want to instruct you on the concept of aiding and abetting.  I want to do that now because, in connection with certain of the alleged racketeering acts and with certain other charges in the Indictment, a defendant can be convicted under a theory of criminal liability known as "aiding and abetting" liability.

Aiding and abetting liability is its own theory of criminal liability.  In effect, it is a theory of liability that permits a defendant to be convicted of a specified crime if the defendant, while not himself or herself committing the crime, assisted another person or persons in committing the crime.

Under the federal aiding and abetting statute and its New York State analogue, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal.  In other words, it is not necessary for the Government to show that the defendant physically committed a crime in order for you to find the defendant guilty. If you do not find beyond a reasonable doubt that the defendant physically committed a crime, you may, under certain circumstances, still find the defendant guilty of the crime as an aider and abettor.

A person who aids and abets another to commit an offense is just as guilty of that offense as if he or she

35

personally had committed it.  You may find the defendant guilty
of the substantive crime, therefore, if you find beyond a
reasonable doubt that the Government has proven that another
person actually committed the crime, and that the defendant aided
and abetted that person in the commission of the offense.

As you can see, the first requirement is that another
person has committed the crime charged.  Obviously, no one can be
convicted of aiding and abetting the criminal acts of another if
no crime was committed by the other person.  But if you do find
that a crime was committed, then you must consider whether the
defendant aided or abetted the commission of the crime.

To aid and abet another to commit a crime, it is
necessary that the defendant willfully and knowingly associated
himself or herself in some way with the crime, and that the
defendant willfully and knowingly sought by some act to help make
the crime succeed.

Participation in a crime is willful if action is taken
voluntarily and intentionally or, in the case of a failure to
act, with the specific intent to fail to do something the law
requires to be done – that is to say, with a bad purpose either
to disobey or to disregard the law.

The mere presence of a defendant where a crime is being
committed, even coupled with knowledge by the defendant that a
crime is being committed, or the mere acquiescence by a defendant
in the criminal conduct of others, even with guilty knowledge, is
not sufficient to establish aiding and abetting.  An aider and

36

abettor must have some interest in the criminal venture.

      To determine whether the defendant you are considering aided and abetted the commission of the crime with which the defendant is charged, ask yourself these questions:

-     Did the defendant participate in the crime charged as something he wished to bring about?

-     Did the defendant associate himself with the criminal venture knowingly and willfully?

-     Did the defendant seek by his actions to make the criminal venture succeed?

      If so, then the defendant is an aider and abettor, and therefore guilty of the offense.  If not, then the defendant is not an aider and abettor, and is not guilty of the offense.

> Adapted from the charge of Judge Robert L. Carter in United States v. Nosov, S3 00 Cr. 314 (RLC); the charge of Judge Lawrence M. McKenna in United States v. Westley Paloscio, 99 Cr. 1199 (LMM); Sand, Modern Federal Jury Instructions, Instrs. 11-1, 11-2, and from the charge approved in United States v. Stanchich, 550 F.2d 1294 (2d Cir. 1977).  See 18 U.S.C. § 2; N.Y. Penal Law § 20.00 (Criminal liability for the conduct of another); see also United States v. Zichettello, 208 F.3d at 109 (discussing requirements of aiding and abetting liability); United States v. Labat, 905 F.2d 18, 23 (2d Cir. 1990) (same).

REQUEST NO. 19

Count One:
Racketeering Act One:
Narcotics Conspiracy

Let me turn to the specific racketeering acts alleged in Count One.  Racketeering Act One charges the defendants, JAHLIL BROWN, with the following narcotics conspiracy:

[The Court is respectfully requested to read

Racketeering Act One (paragraph 9 of the Indictment).]

REQUEST NO. 20

Count One:
Racketeering Act One:
Narcotics Conspiracy:  Elements

To sustain its burden of proof on the first racketeering act, the Government must prove beyond a reasonable doubt these two elements:

first, the existence of the alleged conspiracy or agreement to violate those provisions of the law that make it illegal to distribute narcotics or to possess narcotics with the intent to distribute them; and

second, that the defendant knowingly became a member of the conspiracy — that is, that he knowingly associated with the conspiracy and participated in the conspiracy to distribute narcotics and to possess narcotics with the intent to distribute them.

This is a good point for me to tell you that the purity of the narcotics involved is not an element of the crime, or any federal crime concerning you in this trial, so you need not be concerned with that.

Adapted from the charge of Judge Leonard B.
Sand in United States v. Rios, 91 Cr. 914
(LBS) (S.D.N.Y. 1992), and from Sand, Modern
Federal Jury Instructions, Instr. 19-3.
Under 21 U.S.C. § 846, it is not necessary
for the Government to allege or prove even
one overt act.  See also United States v.
Shabani, 513 U.S. 10 (1994).

39

<u>REQUEST NO. 21</u>

Count One:
Racketeering Act One:
Narcotics Conspiracy:  First
<u>Element – Existence Of The Conspiracy</u>

The first element you must consider is whether the alleged conspiracy in fact existed.  As I have explained, the gist, or essence, of the crime of conspiracy is the unlawful combination or agreement to violate the law.  In considering whether the Government has carried its burden of proving the existence of the alleged conspiracy, you should rely upon my prior instructions regarding the law of conspiracy.

The conspiracy alleged in Racketeering Act One has one object, the possession with intent to distribute and the distribution of 1,000 kilograms or more of marijuana.

As I have been speaking, I have used the terms "possession with intent to distribute" and "distribute."  What do those terms mean?  I begin with the concept of "possession."

<u>"Possession"</u>

The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail. Actual possession is what most of us think of as possession – that is, having physical custody or control of an object, as I possess this pen.  If you find that a defendant had the controlled substance on his or her person, therefore, you may find that the defendant had possession of it.  However, a person need not have actual, physical possession – that is, physical custody of an object – in order to be in legal possession of it.

40

If a person has the ability to exercise substantial control over an object, even if he or she does not have the object in his physical custody, and that person has the intent to exercise such control, then the person is in possession of that article. This is called "constructive possession."

Control over an object may be demonstrated by the existence of a working relationship between one person having the power or ability to control the item and another person who has actual physical custody. The person having control "possesses" the controlled substance, because he or she has an effective working relationship with the person who has actual physical custody of the controlled substance, and because he or she can direct the movement or transfer or disposition of the controlled substance. In addition, an individual may have possession of an item that is not found on his person, because that individual has a relationship to the location where the item is maintained. In this manner, for example, a businessperson may possess things that are scattered throughout a number of stores or offices or installations around the country.

More than one person can have control over the same narcotics. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If more than one person has possession of it, as I have defined possession for you, then possession is joint. That is what is meant by "possession."

Finally, possession and ownership are not the same. A

41

person can possess an object and not be the owner of the object.

Now, let me give you some examples of possession.  I have a pen in my hand.  There should be no doubt that I physically possess the pen.

Another example:  Let's say that I brought in some candy today and left it on a table in the main area of my chambers, near my law clerk's desk.  My law clerk knows that he can't eat all of the candy; he'd better leave some for me.  I do not physically possess the candy but I do have control over it.  My law clerk also has control over it.  I can be said to "possess" the candy jointly with my law clerk.

One more example:  Say my father left me a watch when he died, and it is now sitting in a safety deposit box.  My wife and I are the only people who can get into that box.  Do we have possession of the watch?  Absolutely, we have possession of it, even though it's in a safety deposit box.

"Intent to Distribute"

Possession "with intent to distribute" simply means the possession of a controlled substance with the intention or purpose to "distribute" it to another person or persons.  To "distribute" means the actual, constructive, or attempted transfer of a controlled substance.  "Distribution" includes delivering, passing, or handing over something to another person, or causing something to be delivered, passed on, or handed over.  Distribution does not require a sale.

42

Adapted from the charge of Judge Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91 Cr. 914 (S.D.N.Y. 1992), from the charge of Judge John M. Walker in <u>United States</u> v. <u>Torres</u>, 87 Cr. 593 (S.D.N.Y. 1988), <u>aff'd</u>, 901 F.2d 205 (2d Cir.), <u>cert</u>. <u>denied</u>, 498 U.S. 906 (1990), and from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 56-5, 56-7, 56-12, 56-13.

REQUEST NO. 22

Count One:
Racketeering Act One:
Narcotics Conspiracy:   Second
Element – Membership In The Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the narcotics conspiracy charged in Racketeering Act One existed, then you must next determine whether the defendant participated in the conspiracy unlawfully, intentionally, and knowingly, or in other words, with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

I previously have defined the terms unlawfully, intentionally, and knowingly, and you should follow those instructions here.

44

REQUEST NO. 23

Count One:
Racketeering Act One:
Narcotics Conspiracy:  Liability For Acts
And Declarations Of Co-Conspirators

[It had been standard practice in this District to give
a charge, similar to that found in Judge Sand's
treatise as Instruction 19-9, which invites the jury to
consider whether declarations were in furtherance of
the conspiracy.  The Second Circuit has disapproved
such a charge, however.  Accordingly, the Government
respectfully requests that the Court decline to give
such a charge.  See United States v. Mastropieri, 685
F.2d 776, 789-90 (2d Cir. 1982) ("We therefore expect
that trial judges in this circuit not only will
shoulder the responsibility of making the determination
of admissibility [of co-conspirator statements], but
will hereafter refrain from giving the jury a 'second
bite.'").]

45

REQUEST NO. 24

Count One:
Racketeering Act One:
Narcotics Conspiracy:  Drug Quantity

If you conclude that the Government has met its burden of establishing a defendant's guilt beyond a reasonable doubt with respect to the narcotics conspiracy charged in Racketeering Act One, you will then be required to determine whether the conspiracy involved certain amounts of marijuana.  You will be provided with a verdict form that will include spaces for you to indicate your determinations with respect to drug quantity and drug type for the conspiracy charged.

You do not need to determine the precise quantity of drugs involved in the conspiracy.  Rather, you need only decide whether that conspiracy involved more than certain specified amounts of marijuana.

Adapted from the charge of Judge Michael B. Mukasey in United States v. Moyhernandez, 97 Cr. 197 (S.D.N.Y. 2000) (MBM).

46

REQUEST NO. 25

Count One:
Racketeering Act Two:
Crimes Involving Murder

Racketeering Act Two charges the defendant with both conspiracy to commit murder and actually committing specified murders. For Racketeering Act Two, if you find that the defendant you are considering committed <u>any</u> of these crimes – either the conspiracy to commit murder or the specified murders themselves – you must find that the Government has proven Racketeering Act Two as to the defendant.

Racketeering Acts Two alleges the following:

[The Court is respectfully requested to read Racketeering Act Two (paragraph 10 of the Indictment).]

REQUEST NO. 26

Count One:
Racketeering Act Two:
Conspiracy To Commit Murder:  Elements

For Racketeering Act Two, the Government must prove beyond a reasonable doubt the following three elements:

first, the existence of the conspiracy charged in the racketeering act – that is, an agreement or understanding to violate those provisions of the law that make it illegal to commit murder.

second, that the defendant knowingly became a member of the conspiracy – that is, that he knowingly associated himself with and participated in the alleged conspiracy to commit murder.

third, that any one of the conspirators – not necessarily the defendant on trial – knowingly committed at least one overt act in furtherance of the particular conspiracy during the life of the conspiracy.

You will see that this last element is required only for the murder conspiracy charged as Racketeering Act Two within Count One.  The Government does not have to prove an overt act to prove the narcotics conspiracy alleged in the Indictment.

Adapted from the charges of Judge Robert L.
Carter in United States v. Nosov, S3 00 Cr.
314 (RLC), Judge John S. Martin, Jr., in
United States v. Felipe, S16 94 Cr. 395
(S.D.N.Y. 1996), and Judge Leonard B. Sand in
United States v. Rios, 91 Cr. 914 (LBS)
(S.D.N.Y. 1992), and from Sand, Modern
Federal Jury Instructions, Instr. 19-2.

<u>REQUEST NO. 27</u>

Count One:
Racketeering Act Two:
Murder Conspiracy:  First Element -
<u>Existence Of The Conspiracy</u>

As for the first element, the existence of the alleged conspiracy, I already have instructed you on the elements and principles of conspiracy law, and you should rely upon those instructions here.

49

REQUEST NO. 28

Count One:
Racketeering Act Two:
Murder Conspiracy: Second Element –
Membership In The Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Racketeering Act Two existed, you must next determine whether the defendant was a member of the corresponding conspiracy.

The Government must prove by evidence of the defendant's own actions and conduct beyond a reasonable doubt that the defendant knowingly and willfully entered into the conspiracy – into the agreement – with a criminal intent (that is, with a purpose to violate the law), and agreed to take part in the conspiracy to further, promote, and cooperate in its unlawful objectives.

I have already defined the terms "unlawfully" and "knowingly," and you should rely upon those definitions here.

An act is done "willfully" if it is done deliberately and purposefully.  That is, the defendant's actions must have been his or her conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason.

> Adapted from the charge of Judge Robert L.
> Carter in United States v. Nosov, S3 00 Cr.
> 314 (RLC), the charge of Judge Lawrence M.
> McKenna in United States v. Westley Paloscio,
> 99 Cr. 1199 (LMM); the charge of Judge
> Leonard B. Sand in United States v. Rios, 91
> Cr. 914 (LBS) (S.D.N.Y. 1992), from the
> charge of Judge Michael B. Mukasey in United

50

States v. Bello, 91 Cr. 571 (MBM), aff'd, 990
F.2d 622 (2d Cir. 1993), and from Sand,
Modern Federal Jury Instructions, Instr. 19-
6.  See also United States v. Rea, 958 F.2d
1206, 1214 (2d Cir. 1992) ("The defendant's
knowledge of the conspiracy and participation
in it with the requisite criminal intent may
be established through circumstantial
evidence.  A defendant need not have joined a
conspiracy at its inception in order to incur
liability for the unlawful acts of the
conspiracy committed both before and after he
or she became a member." (citations
omitted)).  See also United States v.
Downing, 297 F.3d 52, 57 (2d Cir.
2002)(generally discussing proof required to
show membership in conspiracy); United States
v. Miranda-Ortiz, 926 F.2d 172, 175-6 (2d
Cir.) (same), cert. denied, 502 U.S. 928
(1991); United States v. Maldonado-Rivera,
922 F.2d 934, 960 (2d Cir. 1990) (same),
cert. denied, 501 U.S. 1233 (1991).

51

REQUEST NO. 29

Count One:
Racketeering Act Two:
Murder Conspiracy:  Third Element – Overt Act

The third element the Government must prove beyond a reasonable doubt on the murder conspiracy alleged in Racketeering Act Two is that at least one overt act was committed in furtherance of the conspiracy at issue by some member of the conspiracy.

The purpose of the overt act requirement is clear. There must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy.

The only requirement is that one of the members of the conspiracy – not necessarily the defendant on trial – took some step or action in furtherance of the conspiracy during the life of the conspiracy.

Let me put it in plain terms.  The overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage.  The requirement of an overt act is a requirement that some action be taken during the life of the conspiracy by one of the co-conspirators to further the conspiracy.

For the Government to satisfy the overt act requirement, it is sufficient for the Government to show that either the defendant or one of his alleged co-conspirators knowingly committed an overt act in furtherance of the

52

conspiracy.

You should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy. That is true for all the conspiracies charged in the Indictment.

> Adapted from the charge of Judge Robert L. Carter in United States v. Nosov, S3 00 Cr. 314 (RLC), the charge of Judge Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992), and from Sand, Modern Federal Jury Instructions, Instrs. 19-7, 19-8.

REQUEST NO. 30

Count One:
Racketeering Act Two:
Intentional Murder Under New York State Law

Racketeering Act Two alleges not only a murder conspiracy, but also the specified murders themselves.

As you consider Count One and the specified intentional murders in Racketeering Act Two, you should give the following meaning to the term "murder," which comes from the Penal Law of the State of New York.  Under New York State Penal Law,

> A person is guilty of murder . . . when, with intent to cause the death of another person, he causes the death of such person or of a third person.

To find that the defendant committed intentional murder, as I just defined that term, the Government must prove the following elements:

first, that the defendant intended to cause the death of another person; and

second, that the defendant in fact caused that person's death, or aided and abetted another individual's causing of the death.

A person intends to cause the death of another person when his or her conscious aim or objective is to cause the death of that person.

You should follow the instructions I gave you previously on aiding and abetting in connection with this charge.

> Adapted from the charge of Judge Robert L. Carter in United States v. Nosov, S3 00 Cr. 314 (RLC), from the charge of Judge John F.

54

Keenan in <u>United States</u> v. <u>Mason</u>, S17 96 Cr. 126 (JFK), from the charge of Judge Miriam Goldman Cedarbaum in <u>United States</u> v. <u>Massaro</u>, 92 Cr. 529 (MGC).  <u>See</u> <u>also</u> N.Y. Penal Law §§ 125.25 and 20.00.

REQUEST NO. 31

Counts Three, Four, Five, and Six:
Violent Crimes In Aid Of Racketeering Activity:
The Indictment And The Statute

I will now instruct you on Counts Three, Four, Five, and Six.  These Counts charge JAHLIL BROWN with conspiracy to commit a violent crime in aid of racketeering and with committing such a crime.

More specifically, Count Three alleges that on or about June 20, 2002, JAHLIL BROWN assaulted with a dangerous weapon, and aided and abetted the assault with a dangerous weapon, of Dennis Paulk, for the purpose of gaining entrance to or maintaining and increasing their positions in a racketeering enterprise, here the Two Mile Posse.

Count Four alleges that in or about December 2001 JAHLIL BROWN conspired together and with others to murder Rohan Bailey, a/k/a "Junior," and Camila Simmonds, a/k/a "Boy Blue," a/k/a "Corey Brown," for the purpose of gaining entrance to or maintaining and increasing their positions in a racketeering enterprise, here the Two Mile Posse.

Count Five alleges that on or about December 19, 2001, JAHLIL BROWN, together with others, murdered and aided and abetted the murder of Rohan Bailey for the same purposes alleged in Count Four.

Count Six alleges that on or about December 19, 2001, JAHLIL BROWN, together with others, murdered and aided and abetted the murder of Camila Simmonds, a/k/a "Corey Brown," for

56

the same purposes alleged in Count Four.

The statute relevant to the crimes alleged in Counts

Three, Four, Five, and Six provides as follows:

> Whoever . . . for the purpose of gaining
> entrance to or maintaining or increasing
> position in an enterprise engaged in
> racketeering activity, murders, kidnaps,
> maims, assaults with a dangerous weapon,
> commits assault resulting in serious bodily
> injury upon, or threatens to commit a crime
> of violence against any individual in
> violation of the laws of any State or the
> United States, or attempts or conspires so to
> do, [is guilty of a crime].

<u>REQUEST NO. 32</u>

Counts Three, Four, Five, and Six:
<u>Violent Crimes In Aid Of Racketeering:  Elements</u>

On Counts Three, Four, Five, and Six, the Government must prove beyond a reasonable doubt each of the following elements:

<u>first</u>, that there existed, as charged in the Indictment, an enterprise engaged in racketeering activity, as I have previously defined that term for you;

<u>second</u>, that the defendant committed the crime alleged, that is, with regard to Count Three, murdering or aiding and abetting the assault of Dennis Paulk, with regard to Count Four, conspiring to murder Rohan Bailey, a/k/a "Junior," and Camila Simmonds, a/k/a "Boy Blue," a/k/a "Corey Brown," with regard to Count Five murdering or aiding and abetting the murder of Rohan Bailey, and, with regard to Count Six murdering or aiding and abetting the murder of Camila Simmonds; and

<u>third</u>, that the defendant committed the crime alleged for the purpose of gaining entrance to, increasing his position in, or maintaining his position in the enterprise, or for consideration for a promise and an agreement to pay anything of pecuniary or financial value.

> Adapted from the charge of Judge Robert L. Carter in <u>United States</u> v. <u>Nosov</u>, S3 00 Cr. 314 (RLC),  and the charge of Judge John F. Keenan in <u>United States</u> v. <u>Mason</u>, S17 96 Cr. 126 (JFK).  <u>See</u> <u>United States</u> v. <u>Rahman</u>, 189 F.3d 88, 126 (2d Cir. 1999) (stating elements of Section 1959).

REQUEST NO. 33

Counts Three, Four, Five, and Six:
Violent Crimes In Aid Of Racketeering:
First Element – Existence Of The Enterprise

The first element the Government must prove beyond a reasonable doubt on Counts Three, Four, Five and Six is that the enterprise alleged in the Indictment – the Two Mile Posse – existed. In connection with Counts One and Two, I instructed you on meaning of the terms "enterprise" and "racketeering activity," and you should apply those instructions here.

Adapted from the charge of Judge Robert L. Carter in United States v. Nosov, S3 00 Cr. 314 (RLC), and the charge of Judge John F. Keenan in United States v. Mason, S17 96 Cr. 126 (JFK).

59

REQUEST NO. 34

Counts Three, Four, Five, and Six:
Violent Crimes In Aid Of Racketeering:
Second Element – The Crimes

The second element the Government must prove beyond a reasonable doubt on Counts Three, Four, Five, and Six is that, on the specified dates or date, the defendant committed the crime alleged – in the case of Count Three, the assault or aiding and abetting the assault of Dennis Paulk; in the case of Count Four, the conspiracy to murder Rohan Bailey, a/k/a "Junior," and Camila Simmonds, a/k/a "Boy Blue," a/k/a "Corey Brown"; in the case of Count Five, the intentional murder or aiding and abetting the intentional murder of Rohan Bailey; and in the case of Count Six, the intentional murder or aiding and abetting the intentional murder of Camila Simmonds.

I have instructed you on the law of conspiracy and the meaning of the term "murder" as it is charged in Count One, and you should follow those instructions here.

I also want to note that Counts Three, Five, and Six charges the defendants with aiding and abetting the assault of Dennis Paulk, and aiding and abetting the murders of Rohan Bailey and Camila Simmonds, a/k/a "Corey Brown," respectively.  In considering that aspect of Counts Three, Five, and Six, you should follow my prior instructions on aiding and abetting liability.

Adapted from the charge of Judge Robert L.
Carter in United States v. Nosov, S3 00 Cr.
314 (RLC), and the charge of Judge John F.

60

Keenan in <u>United States</u> v. <u>Mason</u>, S17 96 Cr. 126 (JFK).

REQUEST NO. 35

Counts Three, Four, Five, and Six:
Violent Crimes In Aid Of Racketeering:
Third Element – Gaining Entrance To,
Maintaining, Or Increasing Position In The Enterprise

The last element the Government must prove beyond a reasonable doubt on Counts Three, Four, Five, and Six is that the defendant acted for the purpose of gaining entrance to, maintaining a position in, or increasing a position in the enterprise, or in consideration for a promise and an agreement to pay anything of pecuniary or financial value.

In considering whether the Government has proved that a defendant committed the crime alleged for the purpose of "gaining entrance to" or "maintaining" or "increasing" his or her position in the enterprise, you should give these words their ordinary meaning. The Government must prove that the defendant's general purpose in committing the crime in question was to gain entrance to, increase his position in, or maintain his position in the enterprise. Self-promotion need not have been the defendant's only, or even a primary concern, if the crime was committed as an integral aspect of membership in the enterprise. It is not necessary that the defendant be a formal member of the enterprise. The motive requirement is satisfied if the defendant committed the crime because it was in furtherance of his or her membership in the enterprise, or would allow him or her to gain entrance to the enterprise, or because he or she knew it was expected of him or her by reason of the defendant's association with the enterprise, or because it would enhance the defendant's

position or prestige within the enterprise.  These examples are by way of illustration and are not exhaustive.

Alternatively, to establish that a defendant committed the crime alleged in consideration for a promise or an agreement to pay anything of pecuniary or financial value from the enterprise, the Government must prove that the defendant acted in consideration for the receipt of, or the promise of, anything of pecuniary value (such as a cash payment, for example).  The words "promise or agreement to pay [something] of pecuniary value from [the] enterprise" should be given their ordinary meaning, that is, the defendant believed that he would receive something valuable from the enterprise for committing the crime of violence.

> Adapted from the charge of Judge Robert L.
> Carter in United States v. Nosov, S3 00 Cr.
> 314 (RLC); and the charge of Judge John F.
> Keenan in United States v. Mason, S17 96 Cr.
> 126 (JFK).
>
> See also United States v. Pimentel, 346 F. 3d
> 285, 295-96 (2d Cir. 2003) (explaining that
> the phrase 'for the purpose of ...
> maintaining or increasing [a defendant's]
> position in an enterprise,' is used in 18
> U.S.C. § 1959(a), should be given its
> "ordinary meaning" and that "the motive
> requirement is satisfied if 'the jury could
> properly infer that the defendant committed
> his violent crime because he knew it was
> expected of him by reason of his membership
> in the enterprise or that he committed it in
> furtherance of that membership'") (quoting 18
> U.S.C. § 1959(a) and United States v. Dhinsa,
> 243 F.3d 635, 671 (2d Cir. 2001)); United
> States v. Thai, 29 F.3d 785, 817 (2d Cir.),
> cert. denied, 513 U.S. 977 (1994); United
> States v. Brady, 26 F.3d 282, 289-90 (2d
> Cir.), cert. denied, 513 U.S. 894 (1994);

United States v. Locascio, 6 F.3d 924, 940 (2d Cir. 1993), cert. denied, 511 U.S. 1070 (1994); United States v. Concepcion, 983 F.2d 369, 381-84 (2d Cir. 1992) (discussing "pecuniary value" motive); Sand, Modern Federal Jury Instructions, at 52-78.

REQUEST NO. 36

Counts Seven and Eight:
General Instructions

Counts Seven and Eight charge JAHLIL BROWN with committing certain killings while engaged in a narcotics conspiracy that involved the distribution and possession with intent to distribute of at least 1,000 kilograms of marijuana. Because these counts are connected to the narcotics conspiracy alleged in Count Twelve, I will first instruct you on Count Twelve and then come back to the narcotics-related killings alleged in Counts Seven and Eight.

REQUEST NO. 37

Count Twelve:
Narcotics Conspiracy:  General Instructions

Count Twelve charges JAHLIL BROWN with conspiracy to violate the federal narcotics laws distributing and possessing with intent to distribute at least 1,000 kilograms of marijuana.

[The Court is respectfully requested to read Count Twelve of the Indictment, up to the overt acts.]

The Indictment also alleges that certain overt acts were committed in furtherance of the conspiracy.  These "overt acts" provide examples of conduct undertaken by alleged members of the conspiracy to further or promote the illegal objectives of the conspiracy.  It is not necessary for the Government to prove that the defendant or a co-conspirator committed the specified overt acts alleged or committed any overt acts, so long as the Government proves, as I have explained, the existence of the conspiracy charged in the Indictment and that the defendant was a knowing and intentional member in the conspiracy.  Additionally, other acts not listed in the Indictment may be considered as acts in furtherance of the conspiracy.

> See United States v. Shabani, 513 U.S. 10 (1994) (Government need not prove commission of an overt act under 21 U.S.C. § 846); United States v. Story, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and defendant's willful joining it."); United States v. Knuckles, 581 F.2d 305, 311 (2d Cir.), cert. denied, 439 U.S. 986 (1978); United States v. Bermudez, 526 F.2d 89, 94 (2d Cir. 1975), cert. denied, 425 U.S. 970 (1976).

66

REQUEST NO. 38

Count Twelve:
Narcotics Conspiracy:  Elements

I have already defined for you the elements of a narcotics conspiracy.  Let me remind you that to sustain its burden of proof with respect to the charge of conspiracy, the Government must prove beyond a reasonable doubt the following two elements:

first, the existence of the conspiracy charged in the Indictment; in other words, that there was, in fact, an agreement or understanding to violate those provisions of the law that make it illegal to distribute narcotics, or to possess narcotics with the intent to distribute them; and

second, that the defendant knowingly became a member of the conspiracy; that is, he knowingly associated himself with the conspiracy, and participated in the conspiracy to distribute or possess with the intent to distribute marijuana.

I have already instructed you on the law of conspiracy and defined the terms "distribution" and "possession," and you should follow those instructions here.

If you conclude that the Government has met its burden of establishing the guilt of the defendant with respect to Count Twelve, you will then be required to determine whether the conspiracy involved certain amounts of marijuana.  You will be provided with a verdict form that will include spaces for you to indicate your determinations with respect to drug quantity and type.  You do not need to determine the precise quantity of drugs

67

involved in the offense.  Rather, you need only decide whether more than certain specified amounts of marijuana were involved.

> Adapted from the charge of Judge Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91 Cr. 914 (S.D.N.Y. 1992), Judge John F. Keenan in <u>United States</u> v. <u>Victor Lorenzano</u>, 03 Cr. 1256 (JFK), and Sand, <u>Modern Federal Jury Instructions</u>, Instr. 19-4.

<u>REQUEST NO. 39</u>

Counts Seven and Eight:
Murder In Connection With
<u>Drug Trafficking:  General Instructions</u>

If and only if you find the defendant guilty on Count Twelve, you then should consider the charges relating to the defendant in Counts Seven and Eight.  You will recall that each of those counts allege narcotics-related killings – that is, that JAHLIL BROWN committed certain killings while engaged in a narcotics conspiracy that involved the distribution and possession with intent to distribute of at least 1,000 kilograms of marijuana.

Count Seven charges that, while engaged in the alleged narcotics offense, the defendant killed or caused or aided and abetted the killing of Rohan Bailey, a/k/a "Junior," on or about December 19, 2001.

Count Eight charges that, while engaged in the alleged narcotics offense, the defendant killed or caused or aided and abetted the killing of Camila Simmonds, a/k/a "Boy Blue," a/k/a "Corey Brown," on or about December 19, 2001.

The federal statute relevant to Counts Seven and Eight provides the following:

Any person engaging in a [narcotics offense] who intentionally kills or counsels, induces, procures or causes the intentional killing of an individual and such killing results, shall be guilty of a crime.

69

REQUEST NO. 40

Counts Seven and Eight:
Murder In Connection With
Drug Trafficking:  Elements

To sustain its burden of proof on each of Counts Seven and Eight, the Government must prove beyond a reasonable doubt the following four elements:

first, that the defendant is guilty of the narcotics conspiracy alleged in Count Twelve;

second, that the narcotics conspiracy involved at least 1,000 kilograms or more of marijuana;

third, that while engaged in such a narcotics conspiracy, the defendant either intentionally killed the person specified in the Indictment or counseled, induced, procured, or caused the intentional killing of that person, and,

fourth, that the killing actually resulted from the defendant's actions.

> Adapted from the charge of the Judge Edward R. Korman in United States v. Soto, 98 Cr. 845 (E.D.N.Y. June 2, 1999). See also United States v. Walker, 142 F.3d 103, 113 (2d Cir. 1998)(setting forth elements).  See also United States v. Martinez-Martinez, 2001 WL 1287040, at *1 (S.D.N.Y. Oct. 24, 2001) (stating elements of violation of Section 848(e).

70

<u>REQUEST NO. 41</u>

Counts Seven and Eight:
Murder In Connection With Drug Trafficking:
<u>First and Second Elements – Narcotics Conspiracy</u>

As I just mentioned, to find any defendant guilty of Counts Seven or Eight, you must determine <u>first</u> whether the defendant was engaged in a narcotics conspiracy, and <u>second</u> whether that conspiracy involved at least 1,000 kilograms or more of marijuana.

I have already explained to you the elements of a narcotics conspiracy, and you should apply those instructions here.

REQUEST NO. 42

Counts Seven and Eight:
Murder In Connection With Drug Trafficking:
Third And Fourth Elements

The third element the Government must prove beyond a reasonable doubt is that the defendant, while engaged in a drug conspiracy involving at least 1,000 kilograms of marijuana, intentionally killed the person specified in the Indictment, or counseled, induced, procured, or caused the intentional killing of that person.  I will define those terms for you now.

"While Engaged In"

To show that a killing occurred while a defendant was engaged in a narcotics conspiracy, the Government must prove more than simply a temporal connection between the killing and the drug conspiracy.  The Government must show that a substantive connection existed between the alleged conspiracy and the killing at issue, in other words, that they were in some way related or connected.  A murder committed by a defendant that is wholly unconnected to the alleged narcotics conspiracy or which was simply coincidental to it, will not satisfy this element.

"Intentionally Killed"

A person intentionally kills another person when he or she does so deliberately and purposefully.  That is, the defendant's actions must have been his or her conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason.

72

<u>"Counsel, induce, procure and cause"</u>

To meet its burden of proof, the Government need not prove that the defendant directly caused the death of the specified victim.  The statute takes into consideration that while certain people might have direct involvement in an intentional killing, others can be held responsible even if they play a less direct role.  Thus, the third element can be satisfied if you find beyond a reasonable doubt that the defendant "counseled, induced, procured or caused" the killing.

You should give these words their ordinary meaning.  To "counsel" means to give advice or recommend.  To "induce" means to lead or move by persuasion or influence as to some action or state of mind.  To "procure" means to bring about by unscrupulous or indirect means.  To "cause" means to bring something about, to effect something.

Finally, the fourth element the Government must prove beyond a reasonable doubt is that the killing must have resulted from the acts of the defendant.

> Adapted from the charge of the Judge Edward R. Korman in <u>United States</u> v. <u>Soto</u>, 98 Cr. 845 (E.D.N.Y. June 2, 1999). <u>See also</u> <u>United States</u> v. <u>Walker</u>, 142 F.2d 103, 113 (2d Cir. 1998)(setting forth elements); <u>United States</u> v. <u>Martinez-Martinez</u>, 2000 WL 1287040, at *1-2 (Schwartz, J.)(explaining that "the Government must prove at trial that a substantive rather than simply a temporal, connection exists between the alleged drug conspiracy and the killing.").

<u>Aiding and Abetting Liability</u>

Counts Seven and Eight also are brought under an aiding

73

and abetting theory of liability.  I already have instructed you
on aiding and abetting liability, and you should apply those
instructions here.

REQUEST NO. 43

Counts Nine and Eleven:
Firearms Offenses Under Section 924(c):
The Indictment And The Statute

I now want to turn to the firearms offenses charged in the Indictment and instruct you on the elements of Counts Nine and Eleven.

Counts Nine and Eleven each allege a violation of Section 924(c) of the Federal Criminal Code.  That provision makes it a crime for any person, "during and in relation to any crime of violence or drug trafficking crime . . . [to] use[] or carr[y] a firearm," or, "in furtherance of any such crime, [to] possess a firearm."

Count Nine is a firearms count connected to the alleged murder and killing of Rohan Bailey, a/k/a "Junior," and Camila Simmonds, a/k/a "Boy Blue," a/k/a "Corey Brown," on or about December 19, 2001, and it charges JAHLIL BROWN as follows:

[The Court is respectfully requested to read Count Nine.]

You just heard that Count Nine, by its terms, is connected to other counts in the Indictment.  This means that you cannot consider Count Nine unless you first determine that JAHLIL BROWN is guilty of one or more of those crimes of violence -- specifically the crimes charged in Racketeering Act Two of Count One, and Counts Four, Five, Six, Seven, and Eight, or one or more drug trafficking offenses - specifically the crimes charged in Racketeering Act One of Count One, and Count Twelve.

75

Counts Eleven is a firearms count connected to the narcotics conspiracy alleged in Racketeering Act One of Count One and Two, and Count Twelve, and charges JAHLIL BROWN as follows:

[The Court is respectfully requested to read Count Eleven]

You just heard that Count Eleven, by its terms, is connected to the narcotics conspiracy alleged in Racketeering Act One of Counts One and Two, and Count Twelve. This means that you cannot consider Count Eleven unless you first determine that JAHLIL BROWN is guilty of the narcotics conspiracy offense charged in Racketeering Act One of Count One or Two, or Count Twelve.

<u>REQUEST NO. 44</u>

Counts Nine and Eleven:
<u>Firearms Offenses Under Section 924(c): Elements</u>

To convict the defendant of either of the offenses alleges in Counts Nine and Eleven, the Government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that on or about the dates alleged the Indictment, the defendant you are considering used or carried or possessed a firearm;

<u>Second</u>, that the defendant used or carried the firearm during and in relation to either a crime of violence or a drug trafficking crime, or possessed a firearm in furtherance of such crimes;

<u>Third</u>, that the defendant acted knowingly, unlawfully, and willfully;

Adapted from charge of Judge Lewis A. Kaplan
in <u>United States</u> v. <u>Jeffrey Otis Redden</u>, 02
Cr. 1141.

77

REQUEST NO. 45

Counts Nine and Eleven:
Firearms Offenses Under Section 924(c):
First Element – "Using," "Carrying," or "Possessing"

The first element the Government must prove beyond a reasonable doubt on Counts Nine and Eleven is that on or about the dates set forth in the Indictment the defendant you are considering used, carried, or possessed a firearm.

Firearm

A firearm under the statute means "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." In considering the specific element of whether the defendant use or carried or possessed a firearm, it does not matter whether the firearm was loaded or operable at the time of the crime. Operability is not relevant to your determination of whether a weapon qualifies as a firearm. I instruct you that a gun is a firearm.

"Use"

In order to prove that the defendant used the firearm, the Government must prove beyond a reasonable doubt an active employment of the firearm by the defendant during and in relation to the commission of the crime of violence. This does not mean that the defendant must actually fire or attempt to fire the weapon, although those would obviously constitute use of the weapon. Brandishing, displaying, or even referring to the weapon so that others present knew that the defendant had the firearm available if needed all constitute use of the firearm. The mere

78

possession of a firearm at or near the site of the crime without active employment as I just described it is not, however, sufficient to constitute use of the firearm.

"Carry"

In order to prove that the defendant carried the firearm, the Government must prove beyond a reasonable doubt that the defendant had the weapon within his control so that it was available in such a way that it furthered the commission of the crime. The defendant need not have held the firearm physically, that is have had actual possession of it on his person. If you find that the defendant had dominion and control over the place where the firearm was located, and had the power and intention to exercise control over the firearm, and that the firearm was immediately available to him in such a way that it furthered the commission of the crime of violence, you may find that the Government has proven that the defendant carried the weapon.

"Possess"

I previously have instructed you on the meaning of "possession," and you should follow those instructions here. To reiterate, neither actual physical custody nor ownership is required to show that a person possesses an object.

Possession of a firearm in furtherance of a crime of violence or a drug trafficking crime requires that the defendant possess a firearm and that the possession advance or move forward the crime. The mere presence of a firearm is not enough. Possession in furtherance requires that the possession be

79

incident to and an essential part of the crime.  The firearm must have played some part in furthering the crime in order for this element to be satisfied.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 35-80 (1999) and from the charge of the Judge Lewis A. Kaplan in <u>United States</u> v. <u>Jeffrey Otis Redden</u>, 02 Cr. 1141, and from the charge of Judge Denise Cote in <u>United States</u> v. <u>Joel Lopez</u>, 03 Cr. 1102 (DLC).

REQUEST NO. 46

Counts Nine and Eleven:
Firearms Offenses Under Section 924(c):
Second Element - During And In Relation To A Crime Of
Violence Or Drug Trafficking Crime

The second element that the Government must prove beyond a reasonable doubt is that the defendant used or carried a firearm during and in relation to a crime of violence or a drug trafficking crime, or possessed a firearm in furtherance of such crimes.  Possession in furtherance, as I indicated, requires that the possession be incident to and an essential part of the crime. The firearm must have played some part in furthering the crime in order for this element to be satisfied.

You are instructed that the murder and attempted offenses alleged in the Indictment qualify as crimes of violence under the law and that the narcotics conspiracy alleged in Count Twelve qualifies as a drug trafficking offense.

Adapted from charge of Judge Lewis A.
Kaplan in United States v. Jeffrey Otis
Redden, 02 Cr. 1141, and the charge of
Judge Denise Cote in United States v.
Joel Lopez, 03 Cr. 1102 (DLC).

81

REQUEST NO. 47

Counts Nine and Eleven:
Firearms Offenses Under Section 924(c):
Third Element - "Unlawfully," "Willfully," And "Knowingly"

The final element the Government must prove beyond a reasonable doubt on the firearms counts alleged in Counts Nine and Eleven is that the defendant knew that he was using, carrying, or possessing a firearm and that he acted willfully in doing so.

To satisfy this element, you must find that the defendant had knowledge that what he was carrying or using was a firearm as that term is generally used. An act is done knowingly if done purposefully and voluntarily as opposed to mistakenly or accidentally. You will recall that I instructed you earlier that to determine that someone acted knowingly requires you to make a finding as to that person's state of mind. In order for the Government to satisfy this element, it must prove that the defendant knew what he or she was doing -- for example, that he or she knew that he was carrying or using a firearm in the commission of a crime of violence or drug trafficking crime. It is not necessary, however, for the Government to prove that the defendant knew that he was violating any particular law.

Adapted from charge of Judge Lewis A. Kaplan
in United States v. Jeffrey Otis Redden, 02
Cr. 1141.

82

<u>REQUEST NO. 48</u>

Count Ten:
Murder Through The Use Of A Firearm:
<u>The Indictment And Statute</u>

Count Ten is a firearms counts connected to a violation of the narcotics laws and a violation of the federal law against murder and conspiracy to murder, and charges the defendant as follows:

[The Court is respectfully requested to read Count Ten.]

The federal statute relevant to these charges provides that any "person who, in the course of a violation of [the firearms offense at issue], causes the death of a person through the use of a firearm [shall be guilty of a crime]." 18 U.S.C. § 924(j).

REQUEST NO. 49

Count Ten:
Murder Through The Use Of A Firearm: Elements

To convict the defendant of the crime charged in Count Ten, you must find that the Government has proved each of the following elements beyond a reasonable doubt:

First, that on or about the dates alleged the Indictment, the defendant used or carried or possessed a firearm;

Second, that the defendant used or carried the firearm during and in relation to either a crime of violence or a drug trafficking crime, or possessed a firearm in furtherance of such crimes;

Third, that the defendant acted knowingly, unlawfully, and willfully;

Fourth, that in the course of committing such firearms offense, the defendant caused the deaths of Rohan Bailey and Camila Simonds, through the use of a firearm; and

Fifth, that the death of Rohan Bailey or Camila Simonds qualifies as a murder, as I will define that term for you in a moment.

84

REQUEST NO. 50

Count Ten:
Murder Through The Use Of A Firearm: First Element

I have already instructed you on the meaning of the terms "use," "carry," "possess," and "firearm," and you should apply those instructions here.

<u>REQUEST NO. 51</u>

Count Ten:
Murder Through The Use Of A Firearm:
<u>Unanimity Requirement As To Predicate</u>

Now as I mentioned a moment ago, in Counts Nine and
Eleven, the crime in relation to which the firearm was used or
carried, or in furtherance of which the firearm was possessed,
may be **either** a crime of violence **or** a drug trafficking crime.
Both types of crimes are alleged in Racketeering Acts One and Two
of Count One, and Counts Four, Five, Six, Seven, Eight, and
Twelve, but the Government need only prove one of them. However,
in order to convict, as to at least one of the two predicate
crimes charged you must unanimously find that it has been proven
beyond a reasonable doubt.

<u>REQUEST NO. 52</u>

Count Ten:
Murder Through The Use Of A Firearm::
<u>Second Element – During And In Relation To A Crime Of
Violence Or Drug Trafficking Crime</u>

The second element that the Government must prove
beyond a reasonable doubt is that the defendant used or carried a
firearm during and in relation to a crime of violence or a drug
trafficking crime, or possessed a firearm in furtherance of such
crimes.  Possession in furtherance, as I indicated, requires that
the possession be incident to and an essential part of the crime.
The firearm must have played some part in furthering the crime in
order for this element to be satisfied.

You are instructed that the murder offenses alleged in
the Indictment qualify as crimes of violence under the law and
that the narcotics conspiracy alleged in Count Twelve qualifies
as a drug trafficking offense.

Adapted from charge of Judge Lewis A.
Kaplan in <u>United States</u> v. <u>Jeffrey Otis
Redden</u>, 02 Cr. 1141, and the charge of
Judge Denise Cote in <u>United States</u> v.
<u>Joel Lopez</u>, 03 Cr. 1102 (DLC).

87

REQUEST NO. 53

Count Ten:
Murder Through The Use Of A Firearm:
Third Element - "Caused the Death of a Person"

A defendant's conduct may be found to cause the death of another individual if it had such an effect in producing that individual's death as to lead a reasonable person to regard the defendant's conduct as a cause of death.  The death of a person may have one or more than one cause.  You need not find that a defendant shot the victim or that he committed the final, fatal act.  The Government need only prove that the conduct of the defendant was a substantial factor in causing the victim's death.

> Adapted from the charge of Judge Barbara Jones in United States v. Larry Williams, 02 Cr. 1372 (BSJ), and Judge Denny Chin in United States v. Gomez, S3 99 Cr. 1048 (DC).  See also Sand, Modern Jury Instructions, Instr. 30-6.

88

<u>REQUEST NO. 54</u>

Count Ten:
Murder Through The Use Of A Firearm:
<u>Fourth Element - Definition of Murder Under Section 1111</u>

In considering Count Ten, you should apply the following definition of murder, which comes from Section 1111 of the Federal Criminal Code:  "Murder is the unlawful killing of a human being, with malice aforethought.  Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, [certain crimes] . . . [qualifies as murder]."

89

REQUEST NO. 55

Count Ten:
Murder Through The Use Of A Firearm:
Fifth Element - "Unlawfully," "Willfully," And "Knowingly"

The final element the Government must prove beyond a reasonable doubt on the firearm count alleged in Count Ten is that the defendant knew that he was using, carrying, or possessing a firearm and that he acted willfully in doing so.

To satisfy this element, you must find that the defendant had knowledge that what he was carrying or using was a firearm as that term is generally used.  An act is done knowingly if done purposefully and voluntarily as opposed to mistakenly or accidentally.  You will recall that I instructed you earlier that to determine that someone acted knowingly requires you to make a finding as to that person's state of mind.  In order for the Government to satisfy this element, it must prove that the defendant knew what he was doing -- for example, that he knew that he was carrying or using a firearm in the commission of a crime of violence or drug trafficking crime.  It is not necessary, however, for the Government to prove that the defendant knew that he was violating any particular law.

Adapted from charge of Judge Lewis A. Kaplan
in United States v. Jeffrey Otis Redden, 02
Cr. 1141.

90

REQUEST NO. 56

Count Ten:  Aiding And Abetting Liability

The defendant can also be convicted of Count Ten under a theory of criminal liability known as "aiding and abetting" liability. I have previously instructed you on the meaning of aiding and abetting.  Please refer to those instructions when considering whether the defendant aided and abetted murder through the use of a firearm.

REQUEST NO. 57

Count Ten:
Murder Through The Use Of A Firearm:
Guilt Of Substantive Offense -- *Pinkerton* Liability

There is another method by which you may evaluate the possible guilt of JAHLIL BROWN on Count Ten even if you do not find that the Government has satisfied its burden of proof with respect to each element of the substantive crime you are considering against the defendant.

If, in light of my instructions, you find, beyond a reasonable doubt, that the defendant was a member of a conspiracy charged in the Indictment, then you may also, but are not required to, find the defendant guilty of the corresponding substantive crime charged in Count Ten, provided that you find that each of the following elements has been proven beyond a reasonable doubt:

First, that a person or persons other than the defendant unlawfully, willfully, and knowingly used or carried a firearm during and in relation to the murder of Rohan Bailey and Camila Simonds on December 19, 2001;

Second, that on or about December 19, 2001, that person caused the death of Rohan Bailey and Camila Simonds through the use of a firearm;

Third, that the deaths of Rohan Bailey and Camila Simonds were murders, as I defined that term in instructing you on Count Ten;

Fourth, that the person or persons you find actually

92

committed the murder was or were members of the conspiracy you found existed;

Fifth, that the murder was committed pursuant to the common plan and understanding you found to exist among the conspirators;

Sixth, that the defendant was a member of the conspiracy at the time the murder was committed; and

Seventh, that the defendant could reasonably have foreseen that the murder might be committed by his co-conspirators.

If you find each of these elements to exist beyond a reasonable doubt, then you may find the defendant guilty of the substantive crimes charged against him, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

The reason for this rule is that a co-conspirator who commits a substantive crime as part of a conspiracy is deemed to be the agent of the other co-conspirators. Therefore, all of the co-conspirators bear criminal responsibility for the commission of the substantive crimes.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant guilty of the substantive crime, unless the Government proves, beyond a reasonable doubt, that the defendant personally committed, or aided and abetted the commission of, the substantive crime charged.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 19-13, and from the charge of Judge Lewis A. Kaplan in <u>United States</u> v. <u>Otis Parkes</u>, S3 99 Cr. 1364 (LAK).

Whether to give a <u>Pinkerton</u> charge rests with the Court's discretion. Although the charge "should not be given as a matter of course," <u>United States</u> v. <u>Sperling</u>, 506 F.2d 1323, 1341 (2d Cir. 1974), it is entirely proper where evidence of conspiracy is otherwise sufficient. <u>See United States</u> v. <u>Harwood</u>, 998 F.2d 91, 100 (2d Cir. 1993) (<u>Pinkerton</u> charge proper where evidence of conspiracy was sufficient, and where judge "properly instructed jury to consider the substantive count only after it first found that a conspiracy existed between the defendants").

REQUEST NO. 58

Venue

In addition to all of the elements I have described for you on each of the counts, you must decide whether any act in furtherance of the crime charged in each count occurred within the Southern District of New York. I instruct you that the Southern District of New York includes all of Manhattan and all of the Bronx.

I note that on the issue of venue and on this issue alone, the Government need not offer proof beyond a reasonable doubt, and that it is sufficient if the Government proves venue by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime you are considering occurred within the Southern District of New York.

> Adapted from the charge of Judge Gerard E. Lynch in United States v. Tony Roberts, 02 Cr. 710 (GEL).

95

REQUEST NO. 59

Variance In Dates

As we have proceeded through the Indictment, you have noticed that it refers to various dates.  I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month.  The law requires only a substantial similarity between the dates and months alleged in the Indictment and the dates and months established by the evidence.

Adapted from the charge of Judge Barbara
Jones, in United States v. Larry Williams, 02
Cr. 1372 (BSJ).

REQUEST NO. 60

Stipulations

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.

Adapted from the charge of Judge Gerard E. Lynch in <u>United States</u> v. <u>Tony Roberts</u>, 02 Cr. 710 (GEL), and from Judge Michael B. Mukasey in <u>United States</u> v. <u>Miguel Alejandro Urena-Fana</u>, S1 98 Cr. 1317 (MBM).

REQUEST NO. 61

Defendant's Right Not To Testify

[If requested by the defense]

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against the defendant may be drawn by you because he or she did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-21, and from the charge of Judge Gerard E. Lynch in United States v. Edwin Diaz, 99 Cr. 1193 (GEL).

98

REQUEST NO. 62

Particular Investigative Techniques Not Required

[If applicable]

You have heard reference, in the arguments and cross-examination of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern. Your concern is to determine whether, on the evidence or lack of evidence, the defendant's guilt has been proven beyond a reasonable doubt.

> Adapted from the charge of Judge Gerard E. Lynch in United States v. Tony Roberts, 02 Cr. 710 (GEL).

REQUEST NO. 63

Uncalled Witnesses – Equally Available To Both Sides

[If applicable]

There are people whose names you heard during the course of the trial but did not appear to testify.  One or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 6-7.

100

REQUEST NO. 64

Expert Testimony

[If applicable]

You have heard testimony from what we call expert witnesses.  Expert witnesses are witnesses who, by education or experience, have acquired learning in a science or a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be experts and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education, experience, or data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt his or her

101

conclusions, you would be justified in placing great reliance on
the expert's testimony.

> Adapted from the charges of Judge Gerard E.
> Lynch in <u>United States</u> v. <u>Frank Summa</u>, 02 Cr.
> 101 (GEL), and from Judge John F. Keenan in
> <u>United States</u> v. <u>David Rosario</u>, 96 Cr. 126
> (JFK); and from Judge Michael B. Mukasey in
> <u>United States</u> v. <u>Mensah</u>, 91 Cr. 705 (MBM)
> (S.D.N.Y. 1991).

REQUEST NO. 65

Accomplice Testimony

You have heard several witnesses who testified that they were actually involved in planning and carrying out certain of the crimes charged in the Indictment.  There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and about whether you should believe them.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit participating in the alleged crimes at issue.  The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

You may properly consider the testimony of such accomplices.  If accomplices could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

Indeed, it is the law in federal courts that the testimony of a single accomplice witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

However, because of the possible interest an accomplice may have in testifying, an accomplice's testimony should be scrutinized with special care and caution.  The fact that a witness is an accomplice can be considered by you as bearing upon his or her credibility.   It does not follow, however, that

simply because a person has admitted participating in one or more crimes, that he or she is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his or her recollection, his background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

You may consider whether an accomplice witness – like any other witness called in this case – has an interest in the outcome of the case, and if so, whether it has affected his or her testimony.

You heard testimony about various agreements between the Government and the witnesses. I caution you that it is no concern of yours why the Government made an agreement with a witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of accomplice witnesses, you should ask yourselves whether these accomplices would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that the witness was

104

motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?  Did this motivation color his testimony?

If you find that the testimony was false, you should reject it.  However, if, after a cautious and careful examination of an accomplice witness's testimony and demeanor on the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or you may disregard all of it.  That is a determination entirely for you.

> Adapted from the charge of Judge Gerard E. Lynch in <u>United States</u> v. <u>Michael Jones</u>, 02 Cr. 674 (GEL). <u>See also</u> Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-5.

REQUEST NO. 66

Accomplice Testimony – Guilty Plea

You have heard testimony from Government witnesses who have pleaded guilty to charges arising out of the same facts that are at issue in this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendants on trial from the fact that one or more prosecution witnesses pleaded guilty to similar charges. The decision of those witnesses to plead guilty was a personal decision those witnesses made about their own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

Adapted from Sand, Modern Federal Jury
Instructions, Instr. 7-110. See United
States v. Ramirez, 973 F.2d 102, 104-06 (2d
Cir. 1992) (specifically approving charge and
holding that it is reversible error not to
give charge if requested, unless there is no
significant prejudice to defendant).

106

REQUEST NO. 67

Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultations.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the charge of Judge Gerard E. Lynch in United States v. Tony Roberts, 02 Cr. 710 (GEL).

107

REQUEST NO. 68

Use Of Informants

There has been testimony before you about the use of informants.  Informants are frequently used by the Government to obtain leads and to gain introduction to people suspected of violating the law.  There are certain types of crimes where, without the use of informants, detection would be extremely difficult.  Because this law enforcement technique is entirely lawful, your personal view on its use -- whether you approve or disapprove -- is beside the point and must not affect your evaluation of the evidence in the case.

Let me put it another way.  If you are satisfied beyond a reasonable doubt that the defendant committed the charged offense that you are considering, you should find him guilty even though you believe that his apprehension came about in some measure by the Government's use of informants.

Adapted from the charge of Judge John F. Keenan in United States v. Carrero, 91 Cr. 365 (S.D.N.Y. 1991), and from Sand, Modern Federal Jury Instructions, Instr. 5-23.

108

<u>REQUEST NO. 69</u>

<u>Use Of Evidence Obtained Pursuant To Searches</u>

You have heard testimony about evidence seized in various searches, including the search of [insert places searched about which there was testimony].

Evidence obtained from those searches was properly admitted in this case, and may be properly considered by you. Indeed, such searches are entirely appropriate law enforcement actions. Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.

Adapted from the charge of Judge Lewis A. Kaplan in <u>United States</u> v. <u>Otis Parkes</u>, 03 Cr. 1364 (LAK).

109

REQUEST NO. 70

Law Enforcement Witnesses

You have heard the testimony of law enforcement witnesses. The fact that a witness may be employed as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-16, and from the charge of Judge Gerard E. Lynch in <u>United States</u> v. <u>Keith Robinson</u>, 02 Cr. 1283 (GEL).

REQUEST NO. 71

Use Of Recordings And Transcripts

You have before you tape recordings of either the defendant or of other persons.  Whether you approve or disapprove of these recordings may not enter into your deliberations.  I instruct you that the recordings were made in a lawful manner, that no one's rights were violated, and that the Government's use of the evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.

As you may recall, the tape recordings introduced into evidence during this trial were accompanied by written transcripts.  Those transcripts were provided as an aid to your understanding of the tape recordings, the underlying evidence.  Remember that the jury is the ultimate fact-finder as to all of the evidence, including the tape recordings in evidence.

> Adapted from the charge of Judge Pierre N.
> Leval in United States v. Mucciante, 91 Cr.
> 403 (PNL) (S.D.N.Y. 1992) and from the charge
> of Judge John G. Koeltl in United States v.
> Alvarado-Matriller, 94 Cr. 723 (JGK)
> (S.D.N.Y. 1995).

REQUEST NO. 72

Redaction Of Evidentiary Items

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or tape was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

112

REQUEST NO. 73

Use Of Charts And Tables

Now, some of the exhibits were charts.  These charts were introduced basically as summaries.  They are not direct evidence really.  They are summaries of the evidence.  They are a visual representation of information or data as set forth either in the testimony of a witness or in a stipulation or in some documents.  They are admitted as aids to you.  They are not in and of themselves any evidence.  They are intended to be of assistance to you in your deliberations.

In presenting the evidence which you have heard, it is often easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you.  It is up to you to decide whether those charts fairly and correctly present the information in the testimony and the documents.  The charts are not to be considered by you as direct proof of anything.  They are merely graphic demonstrations of what the underlying testimony and documents are.

To the extent that the charts conform with what you determine the underlying evidence to be, you may accept them.  But one way or the other, realize that the charts are not in and of themselves direct evidence.  They are merely visual aids.  They are nothing more.

From the charge of Judge Gerard E. Lynch in
United States v. Frank Summa, 02 Cr. 101
(GEL).

113

REQUEST NO. 74

<u>Character Witnesses</u>
[If any defendant calls character witnesses]

During the trial, you heard testimony bearing on the defendant's character.  Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant.  Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed.  But if, on considering all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe he is a person of good repute.

> Adapted from <u>United States</u> v. <u>Fayette</u>, 388 F.2d 728, 737 (2d Cir. 1968).  <u>See United States</u> v. <u>Kelly</u>, 349 F.2d 720, 765 (2d Cir.) <u>cert</u>. <u>denied</u>, 384 U.S. 947 (1966); <u>United States</u> v. <u>Kabot</u>, 295 F.2d 848, 855 n.1 (2d Cir. 1961).

The testimony of a character witness is not to be taken by you as the witness's opinion as to the guilt or innocence of a defendant.  The guilt or innocence of a defendant is for you alone to determine and that should be based on all the evidence you have heard in the case.

> Adapted from the charge of Judge Robert J. Ward in <u>United States</u> v. <u>Thweatt</u>, 77 Cr. 553 (S.D.N.Y. Oct. 17, 1977).

114

REQUEST NO. 75

Similar Acts
[If Applicable]

You have heard evidence that on an earlier occasion, the defendant engaged in conduct similar in nature to the conduct charged in the Indictment.  Let me remind you that the defendant only is on trial for committing the acts alleged in the Indictment.  Accordingly, you may not consider this evidence of similar acts as a substitute for proof that a defendant committed the crime charged.  Nor may you consider this evidence as proof that a defendant has a criminal personality or bad character. This evidence was admitted for a more limited purpose, and you may consider it for that purpose only.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

Additionally, if you find that the defendant engaged in similar acts with other persons alleged to be members of the conspiracy charged in the Indictment, you may consider those acts in deciding whether the conspiracy existed.  If you find that the defendant engaged in the earlier acts, and if you find that the earlier acts had sufficiently similar characteristics to those charged in the Indictment, then you may, but you need not, infer that the acts charged in this Indictment and the earlier conduct

115

were part of a common plan or scheme committed by the defendant you are considering.

Nevertheless, the evidence of similar conduct is to be considered by you only on the issues I have just mentioned, and not on any other issues.  You may not consider such evidence for any other purpose.  Specifically, you may not consider it as evidence that the defendant you are considering is of bad character or has a propensity to commit crime.

Adapted from Leonard B. Sand <u>et</u> <u>al</u>., <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 5-25, 5-26.

REQUEST NO. 76

Persons Not On Trial

You may not draw any inference, favorable or unfavorable, towards the Government or any defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now.  Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

Adapted from the charge of Judge Lewis A. Kaplan in United States v. Otis Parkes, 03 Cr. 1364 (LAK).

117

REQUEST NO. 77

Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to each count of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view toward reaching an agreement. Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without prejudice or favor for any party, and adopt the conclusions which in your good conscious appear to be in accordance with the truth. Again, your verdict must be unanimous. But you are not bound to surrender your honest conviction as to the weight or effect of evidence, solely because

118

of the opinion of your fellow jurors.  No juror should surrender conscious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open court.

In conclusion, Ladies and Gentlemen, I am sure that, if you listen to the views of your fellow jurors and apply your own common sense, you will reach a fair verdict.

Adapted from the charge of Judge Gerard E. Lynch in <u>United</u> <u>States</u> v. <u>Desmond Shaw</u>, 03 Cr. 1210 (GEL).

Dated:    New York, New York
          September 12, 2008

                    Respectfully submitted,

                    MICHAEL J. GARCIA

                    United States Attorney
                    Southern District of New York


              By:___/s/Steve C. Lee_____
                 STEVE C. LEE
                 TODD W. BLANCHE
                 Assistant United States Attorneys
                 (212) 637-2413/2494